AMOS HAGAR, ADMINISTRATOR OF MARY ANN TURNER, v. MYRON BUCK AND THOMAS GRIFFIN.

[IN CHANCERY.]

*Lease. Covenant. Assignment. Forfeiture. Chancery. Parties.*

A covenant in a lease to convey during the term runs with the land, and is assignable.

Although assignees are not named therein, the covenant passes by deed with the land to the grantee, so that he will stand in respect to it as if it had been made directly to him.

Covenants which do not run with the land may be assigned in equity, so as to pass the right to enforce them by action in the name of the covenantee.

An assignee of a chose in action, who has the right to proceed at law upon it in the name of the assignor, has the right to proceed upon it in chancery in his own name, in a case cognizable in a court of equity.

The orator being the personal representative of T., the grantee or assignee, can maintain this suit in equity in his own name, the same as the original covenantee, if no assignment or conveyance had been made.

If this covenant had not passed with the estate in the land from M. to T., the orator's intestate, M.'s quit-claim deed to T. would have operated as an equitable assignment of it, and a suit in equity in M.'s name for such relief as is sought in this case would be proper.

The lessor covenanted that he would give the lessee a warrantee deed of the premises whenever the lessee should pay him $500. The lessee covenanted to build certain build-

ings on the premises, keep them in repair, &c. While the lease was in force, and the rent was paid, the lessee, or any one who held his interest and estate, could satisfy all just claims of the lessor to the premises, by payment to him of $500; and such a deed from the lessor would convey his whole estate in the premises, free from further obligations on the covenants of the lessee.

Whenever a forfeiture is taken advantage of, that works a hardship, and full compensation can be made, courts of equity generally relieve against it upon the making of such compensation.

Neither the lessee, nor the assignee of the lessee, having fulfilled the covenant to build and keep in repair, the lessor had the right to enter in a legal manner and put an end to the lease; but at the time of the entry, $500, with the amount of the accruing rent, would have been a full satisfaction of all the claim the lessor had to the premises, and the same having been tendered and brought into court by the orator, *held* that the orator is entitled to a decree for a conveyance of the premises to him as administrator.

BILL IN CHANCERY. The bill set forth that the defendant, Buck, on the 13th day of March, 1866, duly executed and delivered a lease of certain premises, situate in St. Albans, to one Joseph Meringo. The same was properly acknowledged and recorded, and the *habendum* and covenant are as follows:

" To hold for the term of (99) ninety-nine years from the thirteenth day of April, A. D. 1866, to be occupied by the said party of the second part, for the purpose of dwelling-house lots only. And the said party of the first part doth covenant to and with the said party of the second part, that he shall and may quietly occupy the premises for said term, subject to the covenants and agreements of the said party of the second part herein written. And the said party of the second part doth covenant to and with the said party of the first part, that he will occupy the premises in a good husbandlike manner, for the aforesaid time, for the said purpose, and that he will within two years build a respectable dwelling-house on said lot of the size of the cellar now there, or larger; and that he will build none but decent and respectable dwelling-houses thereon; and that he will at all times keep such houses in good repair, and that he will pay all taxes hereafter assessed on said lot; that he will pay the said Buck the semi-yearly rent of twenty dollars, payable twenty dollars on the 13th day of October, and twenty dollars on the 13th day of April in each and every year; and whenever the said Meringo shall pay to said Buck five hundred dollars, said rent shall cease, and said Buck will give said Meringo a warrantee deed of said premises, and said rent shall cease in proportion as said Meringo shall pay part of

said $500, in sums of even fifty dollars. And it is further agreed that if the said Meringo shall neglect to build a house as above written, or shall, at any time, for the space of two weeks, neglect to pay said rent, or refuse or neglect to fulfill the covenants of this lease, then the said Buck, for every such neglect to pay rent or to perform such of his said covenants, shall have the right to enter into and upon the premises, take possession thereof, and put out the said Joseph Meringo."

That afterwards, on the 16th day of June, 1866, the said Joseph Meringo executed to the said Mary Ann Turner, then living, an assignment upon the back of said lease as follows :

" Know all men by these presents, that I, Joseph Meringo, of St. Albans, in the county of Franklin, and state of Vermont, in consideration of the sum of fifty dollars, received to my full satisfaction, of Mary Ann Turner, of St. Albans, in the county and state aforesaid, the receipt whereof I do hereby acknowledge,— do quit-claim, transfer and set over to the said Mary Ann Turner, her heirs and assigns forever, all my right, title and interest in and to the within demised and leased premises. To have and to hold to the said Mary Ann Turner, her heirs and assigns forever, free and clear of any claim which I have in and to the same. In witness whereof," &c.

The above assignment was properly signed, sealed, witnessed, acknowledged and recorded. That said assignment was fully assented to by said Buck ; that said Meringo or said Mary Ann Turner, then in life, within two years built a respectable dwelling-house, for the locality, on said lot ; that said Meringo or the said Mary Ann paid all the rents and taxes on said lands, and complied with all the terms of said lease. That the orator, on the 15th day of March, A. D. 1871, tendered to said Buck the sum of $500, together with the sum of $21, for rent due and to become due on the 13th day of April, 1871, and demanded of said Buck a deed of said premises, in compliance with the terms of said lease, which he refused ; that said Buck executed a conveyance of said premises to the defendant, Griffin, who was threatening to collect the rents on said premises, take forcible possession thereof and remove the buildings therefrom ; that the said Mary Ann went into possession of said premises on the 16th day of June, 1866,

and so remained in the possession thereof, until her decease on the 5th day of December, 1870, and that since the decease of the said Mary Ann, the complainant, and the mother of the said Mary, had been and still were in the possession thereof.

*Praying* that the defendants be ordered by decree to convey said premises to the orator, as administrator of the estate of the said Mary Ann Turner, as stipulated in said lease, upon the payment of said sum of $521, tendered as aforesaid, and brought into court ; and that defendant be enjoined from interfering with said premises, and collecting the rents, and for further relief.

The several answers of the defendants substantially admitted all the allegations in the bill except that they denied that the defendant, Buck, assented to or ratified the assignment of said lease from Meringo to the said Mary Ann, and also denied that either Meringo or the said Mary Ann built a good and respectable dwelling-house on said premises within two years, or kept the houses on said premises in good repair, as required by said lease, and aver that in consequence thereof, the defendant, Buck, on the 1st day of January, 1871, entered upon and took possession of said premises, and demanded and collected rent of occupants thereof; and thereafter, on the 9th day of March, 1871, conveyed said premises by warranty deed to the defendant, Griffin.

The case was heard at the September term, 1871, upon the bill, answers, and proofs, and the court decreed *pro forma* that the bill be dismissed with costs, from which decree the orator appealed.

*E. A. Sowles*, for the orator.

*M. Buck* for the defendants.

The opinion of the court was delivered by

WHEELER, J.   The clause in this lease concerning the reduction of rent and conveyance of the premises, is in effect a covenant by the lessor, that upon the payment of any part of five hundred dollars, in even sums of fifty dollars, the rent should cease in proportion ; and that upon the payment of the whole of that sum, the rent should cease altogether and he would convey the

Hagar, administrator, v. Buck et al.

premises by deed of warranty. Although this covenant did not bind the lessor to the doing of anything upon the land itself, it did bind him to that which would affect the estate granted by the lease in respect to the time it should continue, and upon what rent, and by providing for an enlargement of it into an estate in fee. This covenant was a chose in action, and apart from the estate in the land would not have been assignable at law. It could not pass to an assignee so that an action at law could be maintained upon it in the name of the assignee, unless it would pass. as a part of and with the estate of the lessee in the land: in other words, unless it would run with the land. Sometimes it has been laid down that a covenant in a lease would not run with the land unless it had reference to something to be done upon the land itself: but this rule does not seem to be strictly correct. In *Bally* v. *Wells*, as reported in Wilmot's Opinions, 341, COWEN, J., in *Norman* v. *Wells*, 17 Wend., 136, WILMOT, Ch. J., said of the running of covenants with the land : " The covenant must respect the thing leased." In *Norman* v. *Wells* it seems to have been determined — as set forth upon an able and exhaustive examination of many cases upon the subject in an opinion by COWEN, J.— that a covenant, in a lease touching or concerning the thing demised as affecting the value of the term or of the reversion, or influencing the rent, would run with the land. In *Van Horne* v. *Craine*, 1 Paige, 455, Chancellor WALWORTH expressly held that a covenant in a lease to convey during the term would run with the land. This covenant respected the thing leased. It affected the value of the term and of the reversion, and influenced the rent. It related to and was connected with the estate in the land granted by the lease. That estate was a medium which would create a privity between any person who should hold it and any other person who should hold the estate of the lessor. It took the quality of non-negotiability away from the covenant, and the covenant " in a wr.'ng, dependent state," would follow it wherever it should go. *ally* v. *Wells* (before cited), S. C., 3 Wils., 25. The estate of *ringo* in the land, which he took by the lease, was, in commc. *ith* all estates and interests in land, assignable by our laws ; and although assignees were not named in this covenant, the covenant passed by

37

the conveyance of Meringo with the estate in the land to Mary Ann Turner, and she stood in respect to this covenant as if it had been made directly to her. " Covenants which run and rest with the land, lie for or against assignee at common law, though not named. They stick so fast to the thing on which they wait, that they follow every particle of it." WILMOT, Ch. J., in *Bally* v. *Wells,* (before cited).

This consideration is sufficient to dispose of the question made by the defendants as to the right of the orator to stand upon this covenant in this suit. But if not, covenants that do not run with the land may be assigned in equity so as to pass the right to enforce the by action in the name of the covenantee to the assignee. 1 Smit. L. C., 179, FIELD, J.; *Willard* v. *Tayloe,* 8 Wall, 571. An assignee of a chose in action, who has the right to proceed at law upon it in the name of the assignor, has the right to proceed upon it in equity in his own name, in cases proper to be proceeded with in courts of equity. If this covenant had not passed with the estate in the land from Meringo to Mary Ann Turner, his conveyance would have operated as an equitable assignment of his interest in it and of his right to enforce it in his name to her; and a suit in equity in his name for such relief as is sought in this case would have been proper. The orator, being the personal representative of Mary Ann Turner, could maintain this suit in equity in his own name, as well as the original covenantee could have maintained it if no assignment or conveyance had been made.

The lessor covenanted by this covenant that he would give the lessee a warrantee deed of the premises whenever the lessee should pay him $500. Such a deed would convey the whole estate of the lessor in the premises to the lessee, free from further obligations on the covenants concerning repairs of buildings or manner of occupation. While the lease should continue in force, and the rent be paid, the lessee, or any one who had his interest and estate, could satisfy all just claims of the lessor to the premises by payment to him of $500. Upon the testimony, it is plain that neither the lessee nor the assignee of the lessee fulfilled the covenant to build and keep in repair, and that the lessor had the right in a legal manner to enter and put an end

to the lease. But the lessor waived this right until the right of Mary Ann Turner, the orator's intestate, to have the premises upon payment of $500, had become quite valuable. Perhaps by taking the last rent that he took, he did not waive the right to enter for want of repair afterward, although the want of repair at the time he took the rent was substantially the same as at the time of entry. Probably he did not. But if he did not, his entry was made lawful by his taking advantage of a forfeiture which would work a great hardship to the tenant.

Whenever a forfeiture is taken advantage of that works a hardship, and full compensation can be made by the person against whom it is wrought, to the one who has taken advantage of it, courts of equity generally relieve against it, upon the making of such compensation. At the time of this entry, five hundred dollars, with the amount of the accruing rent, would have been a full satisfaction of all the claim that the lessor had to the premises, and the payment of that sum and the amount of this rent to him then, would have extinguished all his right to the premises, and have saved the forfeiture. In contemplation of law as administered in courts of equity, full compensation could be made for the non-payment of those sums at that time by the payment of interest, or of rent in lieu of interest, upon the sum of five hundred dollars. When the orator tendered five hundred dollars, with twenty-one dollars for the half year's rent accruing at the time of the entry, and which had not fully accrued at the time of the tender, he offered full compensation to the defendants. No question is made but that defendant, Griffin, a grantee of the lessor since the entry, stands in the same right that the lessor does. Upon the tender, therefore, the orator became entitled to a conveyance of the premises, and to the occupation of them. The orator alleges in his bill that he and the mother of the intestate, who is the heir, have kept possession of the premises, and does not allege that the defendants have received any rents or profits of the premises, therefore no accounting seems to be necessary.

The decree of the court of chancery, which was *pro forma*, is reversed, and the cause is remanded to that court with directions to enter a decree for a conveyance of the premises to the orator,

as administrator, and restraining the defendants by injunction from interfering with the occupation of the premises, or with the rents and profits of them, and directing the payment of the sum tendered to the defendants.