CAROLINE M. MALCOLM, Appellant, *v.* SARAH L. ALLEN et al., Respondents.

Where a mortgage contains a clause authorizing the mortgagee, upon non-payment of interest for thirty days after it becomes due, to elect that the whole amount unpaid shall become due, after a default has occurred, and the mortgagee has made his election in accordance with the stipulation, he cannot be compelled to accept the interest and waive the stipulation. Nor is he estopped from asserting his right of election, by the commencement of a foreclosure suit prior to the expiration of the thirty days, the complaint wherein simply sets up a default in the payment of an install-ment of principal then due and of the interest. Nor does he waive his right to elect by receiving the installment of principal. He has the right to file an amended and supplemental complaint, and proceed in the action for the collection of the balance unpaid.

Where in such a case, after tender of the interest and costs, the mortgagee without amending his complaint obtains an order of sale for the interest only, and perfects judgment, from which order and judgment no appeal is taken, the court has power upon motion and notice to the mortgagor to make a supplemental order directing a sale, and payment, out of the proceeds, of the balance of the mortgage debt, with judgment against the mortgagor for any deficiency.

(Argued April 30, 1872; decided May 21, 1872.)

APPEAL from order of General Term of the Supreme Court in the second judicial department, reversing three orders of Special Term and vacating judgment.

The motion was granted. From this order defendants appealed to the General Term, where it was reversed. The appeals were heard together at General Term, which reversed so much of the first order as denied a stay of proceedings, reversed the other two orders, and vacated and set aside the judgment.

This is an action to foreclose a mortgage made by defendants, Sarah L. Allen and Leander her husband, to plaintiff, for $9,500, payable in two installments; one of $4,500, payable on November 11th, 1870, and one of $5,000, payable on November 11th, 1871, with interest on the whole sum at seven per. cent, payable semi-annually. The mortgage bears date November 11th, 1869. The mortgage contained the usual thirty

day interest clause; that if interest should remain unpaid for thirty days after it became due, the whole principal should become due and payable at the option of the mortgagee. The first installment not having been paid when it became due, this action of foreclosure was commenced. This action was commenced November 19th, 1870. On the 12th of December, 1870, plaintiff took a judgment of foreclosure and sale for the sum of $4,891, the first installment and interest thereon. On the 16th December, 1870, defendant, Leander L. Allen, acting on behalf of his wife, paid to James F. Malcolm, plaintiff's attorney, $4,500, on account of the principal of the bond and mortgage, and it was agreed that if the balance, including a principal of $5,000, should be paid before the first of the next February, then plaintiff should throw off the costs of this action, exclusive of disbursements. At the time of this transaction six months interest on the whole amount of the bond and mortgage ($9,500) had remained in arrear for over thirty days, and plaintiff's attorney then and there insisted and claimed that thereby the whole principal sum had become due.

On May 31, 1871, the attorney for defendant Allen, on affidavits showing the payment of the sum of $4,500, and a tender on the 30th May, 1871, of the sum of $660, and on the judgment roll, obtained an order requiring plaintiff to show cause why the proceedings under the judgment should not be stayed, and the decree set aside and vacated on the facts set forth in the affidavits as for irregularity because the judgment was entered by default before the time to answer had expired. An order was made on June 13, 1871, by Judge Ingraham, setting aside the judgment and all proceedings since the service of the summons. Defendants appealed to the General Term from this order.

After the making of the order of June 13, 1871, the balance due on the principal of said bond and mortgage, and the interest on the whole principal not having been paid by the 1st of February, 1871, plaintiff proceeded to take judgment in the action, and on June 22, 1871, gave notice to defendants:

attorney of a motion for the relief demanded in the complaint. On this motion the defendants appeared, and such proceedings were had that an order of reference was made.

Defendants Allen appeared before the referee by attorney. The referee reported the interest as due only. On the 4th August, 1871, plaintiff took judgment of foreclosure and sale for the amount of interest due on the principal sum at the date of the referee's report. No appeal was taken from the judgment; but on June 14th, 1871, defendants Allen procured an order requiring plaintiff to show cause why she should not be stayed from further prosecuting this action, upon payment to her of the interest due on the bond and mortgage with costs and disbursements at the time of the tender, or that defendants Allen have leave to answer the complaint, and set forth as their defence the tender and offer. On June 23d, 1871, an order was made denying the motion. After this order the plaintiff proceeded to take the judgment of August 4th, as above stated. From this order defendants Allen appealed to the General Term.

On the 8th day of August, 1871, plaintiff presented a petition setting forth the proceedings in the action, and that since the commencement of the action the second installment of $5,000 had become due, and praying that out of the proceeds of the sale of the property she might be paid the amount of the second installment and interest thereon, and the costs of the proceeding.

An order was made on this petition. The proceedings in the action and the judgment of August 4th, 1871, requiring defendants Allen to show cause why a further order founded on the judgment of August 4th, 1871, should not be made, directing the referee named in the judgment to sell the mortgaged premises for the purpose of paying the installment of $5,000, which became due since the commencement of the action.

*Samuel Hand* for the appellant.

*J. C. Carter* for the respondents. Defendants having both

before and after judgment offered plaintiff just what the judgment would and did give him, he was compelled to accept. (*Lansing* v. *Capron*, 1 J. Ch., 617; *Campbell* v. *Macomb*, 4 id., 534.) Payment and acceptance of interest in default is a waiver of the default. (*Jackson* v. *Allen*, 3 Cow., 230; *Jackson* v. *Sheldon*, 5 id., 448.) The lien of the mortgage to the extent of the sum due and tendered was extinguished. (*Hartley* v. *Fatham*, 1 Keyes, 222; *Kortright* v. *Cady*, 21 N. Y., 343.)

RAPALLO, J. The orders of the 13th and 23d of June should not have been reversed. At the time of the commencement of the action, on the 19th of November, 1870, interest and $4,500 of the principal only were due. Default in the payment of interest had not then been made for thirty days. But before any tender of this interest the thirty days elapsed, and the plaintiff, thereupon, had the right to elect, and did elect, pursuant to the stipulation in the bond, that the second installment of $5,000 of principal should also become due. This right was not waived by bringing the action before the thirty days had expired, nor by the acceptance of the installment of $4,500 of principal on the 16th of December, after the expiration of the thirty days, nor could any part of that $4,500 be appropriated to the payment of the interest in arrear; for by the receipt given at the time, it was appropriated wholly to the first installment of principal. Neither was there any extension of the time of payment of the second installment of $5,000. By the receipt given December 16, 1870, for the $4,500, the plaintiff promised to throw off the costs, provided the balance of the amount due on the mortgage should be paid before the 1st of February, then next. This was no extension nor waiver of the stipulation by which the whole principal became due. It was simply an inducement voluntarily held out to the defendant to hasten the payment of the amount due. The defendant did not avail herself of this arrangement, but on the 30th of May tendered merely the interest and costs. This the plaintiff was not then bound to accept. The residue of the principal

had then become due by reason of the thirty days default. By accepting the interest, unconditionally, she would have waived that default. The order of June 13, 1871, granted to the defendant all the relief which she then asked for, which was the setting aside of the judgment of December 12, 1870, on the ground of irregularity, it having been entered before the time for answering had expired. The only stay then applied for was a stay of proceedings under this judgment. After that irregular judgment had been vacated, a further application was made by the defendant to stay the plaintiff's proceedings in the action, on payment of the interest and costs. That motion was properly denied by the order of June 23, 1871. The statute, 2 R. S., 193, §§ 161, 162, authorizes a dismissal of the complaint or a stay, only upon bringing into court the principal and interest due. When this motion was made the plaintiff had the right to insist, and did insist, that the whole principal had become due since the commencement of the action. This was a sufficient answer to the motion to stay proceedings on the payment of interest and costs only. Although the complaint only alleged to be due the installment of $4,500 and the interest from May 11, 1870, that being all that was due at the commencement of the action, yet, at the time the motion was made, the plaintiff had the right to file an amended and supplemental complaint setting up the thirty day clause and the default whereby the installment of $5,000 had become due. These facts appearing on the motion, the court would not have been justified in dismissing the complaint or staying proceedings on payment of the interest only, and thereby precluding the plaintiff from thus proceeding in the action for the collection of the principal. She had succeeded in bringing the parties into court, the appellant had appeared in the action, and the plaintiff was entitled to retain these advantages and to proceed with the action, unless the whole amount due her was paid.

So much of the order of the General Term as reverses the orders of June 13 and June 23 should therefore be reversed.

Instead, however, of amending her complaint and demanding judgment for the principal as well as the interest, the plaintiff moved, on notice to the defendants, for the relief demanded in the original complaint, in which only the installment of $4,500 and interest and costs were demanded. In opposition to this motion the defendants again set up the payment of the $4,500, and the tender of interest and costs, and offered to pay the same into court, but the court made the usual order of reference to compute the amount due.

The referee, after hearing the parties, reported due the interest only, which was within the amount tendered, and judgment of foreclosure and sale was thereupon ordered for the purpose of raising only the interest and costs.

There being no answer in the case, this was the only judgment which could properly be ordered. (Code, § 235.) The tender of the interest and costs would have justified the court in denying the motion for judgment, on payment into court of the amount due, according to the allegation of the complaint, unless the plaintiff should amend her complaint and insert the supplemental matter showing that the principal had become due. But the court, nevertheless, made the order, and no appeal has been taken either from the order of reference to compute, etc., or the order for judgment. The stay of proceedings having been properly refused and the subsequent order for judgment not having been appealed from, that order was not properly before the General Term for review, and, therefore, so much of the order of the General Term as vacates the judgment should also be reversed.

The only remaining order is that of the 15th of August. Immediately after the making of the order for judgment of foreclosure and sale, which bears date the 4th of August, 1871, and which directs the sale of the mortgaged premises, or so much thereof as may be necessary to raise the amount due for principal, interest and costs, the plaintiff presented her petition setting up the facts showing that since the commencement of the action all the residue of the principal had become due, and praying that the mortgaged premises might

be sold and that payment of the whole amount due might be ordered. On this petition, after hearing the parties, the order in question was made, dated August 15, 1871, directing the sale of the mortgaged premises and the payment to the plaintiff, out of the proceeds of sale, of the installment of $5,000 of principal and the costs of the application. From this order an appeal was taken to the General Term.

It is objected, that the default by which the installment of $5,000 became due, occurred prior to the judgment of foreclosure, and that, therefore, the order is not authorized by the statute.

It is true, that for the reason stated the case is not literally within the statute which provides for sales on defaults occurring subsequent to the decree; but there was a subsisting valid order of foreclosure and sale, not appealed from; and, independently of the statute, if this order failed to protect the equitable rights of the parties before the court, the court had the power to supply the defect by a supplementary order. (*Livingston* v. *Mildrum*, 19 N. Y., 443.) It is difficult to see in what other manner the plaintiff could, at that stage of the proceedings, have obtained the relief to which she was equitably entitled. The defendant sustained no prejudice by that course. The application for the supplementary order was made upon notice, and she had an opportunity of contesting the allegation that the $5,000 of principal had become due. She has failed to show any defence to the plaintiff's claim, and the effort on her part seems to have been throughout to defeat the plaintifl's right to collect the principal of the mortgage, which had become due by reason of the thirty days default. No merits are disclosed on the part of the defendants, and although the proceedings on the part of the plaintiff have not been conducted with the most strict regard to the rules of practice, yet the result which she obtained was substantially correct, and we think the General Term should have sustained the order appealed from.

The portions of the order of the General Term specified in the notice of appeal to this court should therefore be reversed,

and the orders made at Special Term, dated June 13, 1871, June 23, 1871, and August 15, 1871, should be affirmed, with costs.

All concur.

Ordered accordingly.