DANIEL J. NOYES, Appellant, *v.* THERESA A. ANDERSON, Impleaded, etc., Respondent.

A court of equity has power to relieve a party against forfeiture or penalty incurred by the breach of a condition subsequent, when no willful neglect on his part is shown, upon the principle that a party having a legal right shall not be permitted to avail himself of it for the purpose of injustice and oppression.

In an action for the foreclosure of a mortgage, defendant A., the owner of the equity of redemption, set up as a defense an agreement whereby for a good consideration plaintiff agreed that no proceedings would be instituted to enforce the mortgage, which was then due, until one year after the death of A., provided that during said period prior mortgages upon the same property, which with plaintiff's mortgage exceeded its value, remained unforeclosed and no interest thereon unpaid for more than thirty days after due "and so long as no taxes or assessments on the said premises remain unpaid and in arrears for more than thirty days." The complaint was filed April 27, 1887. An assessment of $23.08 for a sewer, made and confirmed in March, 1886, remained unpaid. Defendant alleged that she did not know of said assessment until about April 28, 1887, the day before the service, when she promptly caused it to be paid. The court found that such non-payment was due to the negligence of A.'s son, with whom A.; she being absent, had left money sufficient to make the payment. It appeared that when he paid the taxes in 1886, he was informed by some one at the tax office that nothing was due or in arrears against the property. The court directed judgment for plaintiff. *Held* (FOLLETT, Ch. J. and PARKER, J., dissenting), error; that the default plaintiff seeks to avail himself of would result in a forfeiture, from which or its consequences a court of equity had power to relieve.

(Argued December 12, 1890; decided January 14, 1891.)

APPEAL from order of the General Term of the Court of Common Pleas for the city of New York, made March 14,

1888, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term, and granted a new trial.

The action was brought in 1887 to foreclose a mortgage, of date January 1, 1884, made by the defendant Anderson and her husband, John J. Anderson, upon certain premises in the city of New York, to secure the payment of $12,500, and interest, to the plaintiff on the 1st day of January, 1885, according to the condition of a bond of the mortgagors. The husband died in January, 1885. The defendant Anderson, by her answer, set up an agreement made and delivered by the plaintiff to her October 2, 1885, which after recital referring to such bond and mortgage, stated that in consideration of certain agreements made by said Theresa A. Anderson in and about the settlement and adjustment of the action then pending in the Court of Common Pleas, wherein Noyes, as executor, etc., was plaintiff and she was defendant, and of one dollar to him in hand, "I, Daniel J. Noyes, do hereby covenant and agree with the said Theresa A. Anderson that during the natural life of Theresa A. Anderson, and for one year after her decease, I will not institute, or permit to be instituted, any proceedings at law, or otherwise, to enforce the aforesaid bond and mortgage held by me so long within said period as the prior mortgages remain unforeclosed, and no interest on said prior mortgages, or either of them, remains unpaid for more than thirty days after the interest shall have accrued and be payable by the terms thereof, and so long as no taxes or assessments on the said premises remains unpaid and in arrears for more than thirty days." It was stated in the complaint that the premises were encumbered by an assessment amounting to $23.08 for sewer improvement made and confirmed in March, 1886, remained unpaid; the defendant, by her answer, alleged that she had no knowledge of such assessment until about April 28, 1887, when she promptly caused it to be paid. And she asked for the judgment of the court that she be relieved from the consequences of her omission to pay such assessment. The summons and complaint were filed with the clerk, and

served upon defendant Corwin, who had an apparent lien by judgment, on April 27, 1887, and *lis pendens* was filed on that day, and pursuant to an order of publication made April twenty-ninth, the summons and complaint were personally served upon the defendant Anderson at Chicago in the state of Illinois, on May 5, 1887. The trial court directed judgment for the plaintiff.

Further facts are stated in the opinion.

*Thomas Allison* for appellant. The rulings of the trial court upon questions of fact were sustained and required by the evidence and should not be reversed. (Code Civ. Pro. §§ 992, 993, 1337, 1338; *Baird* v. *Mayor, etc.*, 96 N. Y. 567, 576.) The defendant's contention that the plaintiff's right of action, if he had any, was not upon the bond and mortgage, but upon the agreement of October 2, 1885; that the mortgage was merged in the agreement of October 2, 1885, and that Mrs. Anderson thereby had a life estate, were untenable. (*A. C. N. Bank* v. *Hunsiker*, 72 N. Y. 252; *Knight* v. *Dunlap*, 5 id. 537; *McKillip* v. *Metzer*, 50 id. 658; *Homer* v. *G. M. L. Ins. Co.*, 67 id. 478, 481; *Levy* v. *Burgess*, 64 id. 390.) There is no precedent nor any principle upon which equity can relieve the defendant from her default or deprive the plaintiff of the right to foreclose. (Willard's Eq. Juris. 37, 38; 1 Story's Eq. Juris. §§ 18–23; *Weed* v. *Weed*, 94 N. Y. 243, 247, 248; *Canady* v. *Stiger*, 55 id. 452, 455, 456; *Ashley* v. *Dixon*, 48 id. 430, 442; *Warner* v. *Warren*, 46 id. 228, 233, 234; *Noyes* v. *Clark*, 7 Paige, 179; *Hale* v. *Gouverneur*, 4 Edw. Ch. 207; *Crane* v. *Ward*, Clarke's Ch. 393; *Hunt* v. *Keech*, 3 Abb. Pr. 204; *Ferris* v. *Ferris*, 28 Barb. 29; *Dwight* v. *Webster*, 32 id. 47; *Valentine* v. *Van Wagner*, 37 id. 60; *Grussy* v. *Schneider*, 50 How. Pr. 134, 138; *Rubens* v. *Prindle*, 44 Barb. 344; *Bennett* v. *Stevenson*, 53 N. Y. 508; *Malcom* v. *Allen*, 49 id. 448; *O'Connor* v. *Shipman*, 48 How. Pr. 126.)

*Charles Donohue* for respondent. It was well settled that mere delay in making stipulated payments will not work a forfeiture, and we claim that the merger of the mortgage into the agreement created an estate or life tenancy in favor of

the defendant, from which she cannot be divested, provided she complied with the spirit of the agreement. It is perfectly clear that the agreement of October 2, 1885, was intended to supplant the provisions contained in the mortgage. (*Bennett* v. *Stevenson*, 53 N. Y. 508; *Giles* v. *Austin*, 62 id. 486; *Doran* v. *Ins. Co.*, 86 id. 635.) Apart from the question, however, of the construction of the contract of October 2, 1885, the evidence shows clearly that at the time of the defendant's default the plaintiff had money of hers in his possession or owed her money which, according to equity, he should have applied to the payment of the assessment. (*Bathgate* v. *Haskins*, 59 N. Y. 553; Jones on Mort. §§ 1080, 1134; *Lynch* v. *Cunningham*, 6 Abb. Pr. 361; *Wilcox* v. *Allen*, 36 Mich. 160; *Martin* v. *Melville*, 3 Stock. Ch. 322; *Giles* v. *Austin*, 62 N. Y. 486; Story's Eq. Juris. §§ 1314, 1315, 1316; *Broderick* v. *Smith*, 15 How. Pr. 434; *Thurston* v. *March*, 5 Abb. Pr. 389; *Noyes* v. *Clarke*, 7 Paige, 179; *Malcolm* v. *Allen*, 49 N. Y. 449; *Bennett* v. *Stevenson*, 53 id. 408.) The exceptions to the findings of fact and conclusions of law made by the defendant show that the reversal of the General Term was upon the facts as well as the law. The appellant Noyes can, therefore, only present questions of law in this court for review. (*Roberts* v. *Tobias*, 120 N. Y. 1.)

BRADLEY, J. The agreement of October 2, 1885, by which the plaintiff agreed that no proceedings should, upon certain conditions, be taken to enforce the bond and mortgage during the life of Mrs. Anderson, and for one year thereafter, was founded upon a good consideration; and, inasmuch as she had been in default in payment of the sewer assessment more than thirty days at the time of the commencement of this action, the main question is whether she was, under the circumstances, entitled to relief against the consequences of such default. At the time the agreement was made the principal sum secured by the bond and mortgage had become due and payable. The prior mortgages, amounting to $20,000, with that held by the plaintiff, amounted to a sum exceeding the value of the

premises, so that the only value of the equity of redemption to the defendant was, in the observance of the plaintiff's agreement, to postpone the foreclosure of the mortgage. In view of those circumstances, and of the fact that the defendant was known to be insolvent, it is evident that the purpose of the agreement was to protect her equity of redemption. This was her estate in the premises, and the right to her enjoyment of it was wholly dependent upon the forbearance of the foreclosure of the plaintiff's mortgage, provided no action should be taken on the prior mortgages. And the arrangement resulting in the agreement was made to enable her, so far as the observance of its provisions permitted, to have the benefit of such estate during her life. The right, therefore, to maintain this action to foreclose the mortgage was dependent upon the failure of the defendant to perform some condition in the agreement, and a forfeiture of her right to the further protection under it of her equity of redemption.

The power of a court of equity in cases properly requiring it, will be exercised to relieve a party against forfeitures and from penalties. And this is upon the principle of equity jurisprudence that a party having a legal right shall not be permitted to avail himself of it for the purposes of injustice or oppression. The doctrine was applied to relieve a mortgagor from the forfeiture to which he was subjected, and an obligor from the penalty with which he was chargeable by the common law on default. It is also not only available to cases of leases where forfeiture of the term and entry are provided for as the consequences of non-payment of rent on the day it becomes due, but is extended to other cases, and more especially to those (although not necessarily confined to them) where the default resulting in forfeiture is in payment of money, as in such case adequate compensation can be made. (Pomeroy Eq. Jur. §§ 433, 450, 451.) This relief will not be afforded in cases where the default and forfeiture have been occasioned by the willful neglect of the party seeking it. Nor will it ordinarily be given where the breach is of a condition precedent, although that rule may not be without exception. In

the present case the default was in the performance of a condition subsequent, because the right of the plaintiff under the contract vested on its delivery subject to the provision that it should be avoided or rendered ineffectual by a subsequent breach of the conditions, or any of them, upon the observance of which the defendant's right given by the contract depended. And the defeat of such right by her default, which the plaintiff by this action seeks to make available for the foreclosure of the mortgage, would result in a forfeiture from which, or the consequences of it, the court upon the principle before mentioned may have relieved the defendant, if in other respects she was entitled to the interposition of its equitable powers for that purpose.    The stipulation of the plaintiff's agreement essentially differs, in its nature and object, from a provision in a mortgage to the effect that the principal sum shall become due on a specified default in the payment of interest as provided by it.    In the latter case provision is so made for the time when the principal sum may become due, and that time is regulated by an event which may or may not occur so far as it is dependent upon the default of the mortgagor.    The consequence so produced is not deemed a forfeiture.    The result is maturity of the principal debt at the time, not definitely fixed, when the mortgage is made, but specifically stipulated for in that instrument.    And in such case the court as a rule will not grant relief to the mortgagor from the effect of his default when nothing is done on the part of the mortgagee to render it unconscionable for him to avail himself of it.    (*Noyes* v. *Clark*, 7 Paige, 179; *Malcolm* v. *Allen*, 49 N. Y. 448; *Bennett* v. *Stevenson*, 53 id. 508.)    But the case at bar must be considered and determined in the light of the undisputed facts and circumstances under which the agreement was made, and in reference to the purpose represented by it.    The money secured by the mortgage was due at that time.    The parties made no stipulation modifying the terms of the bond and mortgage, nor in terms extending the time of payment, although the right to pay it would exist while foreclosure was suspended. Payment evidently was not contemplated.    Nor was the mere

extension of the time of payment of the mortgage debt the object or purpose of the agreement. And the conditions which the defendant was required to perform were independent of such debt, and did not embrace the payment of any part of it. The purpose was to obtain and give protection to the defendant's estate, consisting of her equity of redemption, that she might have the beneficial enjoyment of it during her life, subject only to certain conditions to be by her performed. The primary purpose of the arrangement represented by the agreement, was to secure to Mrs. Anderson, for such time so far as it would have that effect, the estate she then had in the premises, which could not be retained by her without the suspension of the foreclosure of the mortgage. The effect, therefore, given to her default by foreclosure of the mortgage would be the forfeiture of her estate in the premises, and no less so under the circumstances than would be that of a tenant of his term, by entry of his landlord for non-payment of rent pursuant to a provision in the lease.

In *Giles* v. *Austin* (62 N. Y. 486), which was a case of that character, Judge RAPALLO, in delivering the opinion of the court, said : " The cases in which relief has been denied, are either where the lessee has wilfully committed some affirmative act in violation of his covenant or been guilty of some default, the precise damage for which cannot be ascertained by any rule. But where the covenant is simply for the payment of money, the forfeiture is regarded as security merely for such payment, and equity will not allow it to be enforced after the party has obtained all that it was intended to secure to him." So in the present case the purpose of the condition, subject to which the right of the defendant was taken and to be held under the agreement, was not to permit the increase of the amount of the prior mortgages by the accumulation of interest upon them, or allow charges for taxes and assessments to remain on the premises. This was the extent of the requirement, and it may necessarily be supposed that the consequences which the contract permitted to result to her from default, were intended to secure the accomplishment of such purpose. The

case, so far as relates to the nature of the agreement and its object, comes within those to which the equitable doctrine before mentioned may properly be applicable. (*DeForest* v. *Bates*, 1 Edw. Chy. 393; *Atkins* v. *Chilson*, 11 Met. 112; *Hagar* v. *Buck*, 44 Vt. 285; 8 Am. Dec. 368.)

The sewer assessment of $23.08 had been standing upwards of a year when this action was commenced, and when the defendant's attention was called to it, the assessment was promptly paid the day previous to the service on her at Chicago of the summons and complaint. The trial court found that the previous non-payment of it was owing solely to the negligence of the defendant's son, an agent, Henry S. Anderson. The facts bearing upon that subject are undisputed. There is nothing in the evidence to permit the inference that the defendant did not intend to promptly pay all taxes and assessments on the property. She left that matter in charge of her son, who resided in the city, and she was away from there. He paid the taxes in 1886, and had in his hands the defendant's money with which to pay such charges, and sufficient to pay the assessment during the time it remained unpaid, and the only reason of his failure to pay it was that he did not know that it was made or existed. It appears that he might have ascertained about it at the office of the clerk of arrears. But when he paid the tax of 1886, at the tax office in the city, the son was, upon his inquiry, informed by some one in the office that there was no sum due or in arrears against the property.

It is clear that the purpose of the defendant's son was to pay the taxes and assessments, and that his failure to make an earlier payment in this instance was not willful neglect on his part, nor was the plaintiff prejudiced by it.

The plaintiff is entitled to all the inferences properly deducible from the evidence as well as the benefit of the facts found upon it, in support of the judgment of the Special Term, as it must be assumed that it was reversed by the General Term on questions of law only, since nothing in the decision appears to the contrary. But we think, upon undisputed evidence and in view of the facts as found by the court, the

case was one in which the defendant Anderson was entitled to equitable relief, and that the absolute denial of it to her was error. The defendant may properly have been chargeable with some costs. And in view of the situation neither party should have costs of the Special Term.

The order should be affirmed and judgment absolute directed for the defendant to the effect that she be relieved from the consequences of her default in the payment of such assessment, with costs of the appeal to the General Term and in this court.

PARKER, J. (dissenting).   A stipulation that a debt, the payment of which is secured by a mortgage on real estate, shall become due and the security foreclosable, upon the failure of the mortgagor to pay interest as it falls due, or the taxes assessed on the mortgaged premises, is neither a penalty nor a forfeiture, and a court in the absence of fraud on the part of the mortgagee, cannot relieve the mortgagor from the consequences of his neglect to pay according to the terms of his contract.   (Jones on Mortgages, §§ 77, 1180, 1181, 1182; Wiltsie on Mort. For. §§ 43, 44, 45, 46, 47; Thomas on Mortgages, § 228, and the cases cited in the sections of the textbooks referred to.)   The stipulation gave an extension of credit.   Its continuance until one year after defendant's death being made dependent on the non-foreclosure of prior mortgages, the payment of interest within thirty days after maturity, and taxes and assessments within thirty days after the same shall be in arrears.   From the failure to pay taxes or assessments the court can no more relieve a party than from the failure to pay interest, which it cannot do in the absence of fault on the part of the mortgagee.   (*Hale* v. *Gouverneur*, 4 Edw. Ch. 207; *Spring* v. *Fisk*, 21 N. J. Eq. 175, 178; *Ferris* v. *Ferris*, 28 Barb. 29; *Bennett* v. *Stevenson*, 53 N. Y. 508.) It is not asserted that the mortgagee here was in fault.   The defendant merely attempts to excuse her neglect.   A similar attempt was made in *Ferris* v. *Ferris* (*supra*), but without avail.

All concur with BRADLEY, J., except FOLLETT, Ch. J., and PARKER, J., dissenting, and HAIGHT, J., not sitting.

Order affirmed and judgment accordingly.