MARY FERLAZZO, Appellant, *v.* PETER RILEY, Respondent, Impleaded with Others.

Argued May 18, 1938; decided July 7, 1938.

*George G. Lake* for appellant.   Plaintiff was not required to give notice of the due date of the interest, but if plaintiff was required to give notice, such notice was duly

given. (*Albertina Realty Co.* v. *Rosboro Realty Corp.*, 258 N. Y. 472.) It was improper to dismiss the complaint upon the theory that the installment of interest was paid before the action was commenced. (*Albertina Realty Co.* v. *Rosbro Realty Corp.*, 258 N. Y. 472; *Pizer* v. *Herzig*, 120 App. Div. 102.) In the absence of fraud, bad faith or unconscionable conduct on the part of plaintiff, the court had no power to dismiss the complaint. (*Graf* v. *Hope Building Corp.*, 254 N. Y. 1.) Even if there were allegations of fraud, bad faith or unconscionable conduct, the issues should have been raised by answer and left for the trial. (*Cole* v. *Hinck*, 120 App. Div. 355; *Bennett* v. *Stevenson*, 53 N. Y. 508.)

*Harold J. O' Keeffe* for respondent. No action was commenced before the interest was tendered and in fact received by appellant. (*Mentz* v. *Efficient Bldg. Corp.*, 145 Misc. Rep. 505.)

RIPPEY, J. At three-thirty-three P. M. on November 3, 1937, plaintiff filed in the office of the clerk of Albany county a verified complaint in which she sets up a cause of action for the foreclosure of a mortgage, executed and delivered to her by defendant Riley on September 29, 1936, together with a notice of pendency of the action as authorized by section 120 of the Civil Practice Act. It is alleged that the mortgage on the real property therein described was given as security for the payment of the sum of four thousand dollars on September 29, 1938, and semi-annual interest on that sum on each March 29th and September 29th after its date. Foreclosure was asserted to be authorized by virtue of an alleged default of the mortgagor arising from his failure to pay the installment of interest due on September 29, 1937, or within thirty days thereafter. Because of that default, plaintiff alleged, she had exercised her option to declare the whole amount due. On November 3, 1937, the amount of the interest due was mailed to a representative of plaintiff, who returned it on the following day on the

ground that it was tendered too late, whereupon the mortgagor, prior to the service of the summons upon him, procured an *ex parte* order permitting him to pay the money into court to the credit of the action. The mortgagor thereupon moved, on notice and before answer, for an order dismissing the complaint, canceling the notice of *lis pendens* and discharging the receiver who had, in the interim, been appointed, on the ground that the interest item had been paid prior to the commencement of the action. There was no evidence that the summons and complaint had been served on him before the motion was made. The motion was granted. From the order entered thereon an appeal was taken by plaintiff to the Appellate Division, where affirmance was had by a divided court. From the judgment of affirmance entered on the order of the Appellate Division, plaintiff has appealed to this court.

The order of the Special Term was based upon facts found from conflicting allegations contained in the complaint, the affidavit of the mortgagor and the affidavits of the attorneys for the respective parties. The default clause in the mortgage as set up in the complaint appears to be in the statutory form (Real Property Law [Cons. Laws, ch. 50], § 258, schedule N, subd. 4), under which no notice of default or demand for payment of the interest installment would be required as a prerequisite to the right of the mortgagee to declare the entire amount due and to commence the action for foreclosure and sale (*Albertina Realty Co.* v. *Rosbro Realty Corp.*, 258 N. Y. 472, 475), whereas the mortgagor avers that the clause is so worded that the whole of the principal sum should become due only after default in the payment of any installment of interest for thirty days after notice and demand. The mortgage is not before the court. There is a dispute as to the time when the mortgagor tendered payment of the interest installment, as to whether notice of default and demand for payment was given by the mortgagee, as to whether the mortgagee, expressly

or by her previous conduct, had waived the provision of the mortgage making the default absolute on failure to pay the interest installment on the date due or within thirty days thereafter without notice or demand if the mortgage should be construed to so read. Among those and other questions which arose on the motion upon conflicting allegations of fact requiring decision was whether the court had power to relieve the mortgagor of a technical default, if one such existed, being neither willful nor in bad faith (*Noyes* v. *Anderson*, 124 N. Y. 175). We are not required to express any opinion on any of those questions here. We need only say that a mortgagor is bound by the terms of his contract as made and cannot be relieved from his default, if one exists, in the absence of waiver by the mortgagee, or estoppel, or bad faith, fraud, oppressive or unconscionable conduct on the latter's part (*Malcolm* v. *Allen*, 49 N. Y. 448; *Graf* v. *Hope Building Corp.*, 254 N. Y. 1).

No statute or rule has been called to our attention authorizing such procedure as has been here followed. We cannot agree with respondent that we are faced with a mere error in technical procedure where the same result would have been reached if another route had been followed and the error therefore should be overlooked (*Bonachea* v. *Westchester Park County Comm.*, 243 App. Div. 789; *Gucker* v. *Town of Huntington*, 268 N. Y. 43). Issues are here raised a determination of which affects the substantial rights of both parties. Those issues, when the facts are in dispute, should not be settled on affidavits. If the mortgagor has available defenses they should be raised by answer where they may be decided after trial and full hearing of all the evidence by the trial court.

The judgment of the Appellate Division and the order of the Special Term should be reversed, with costs in all courts, and the motion denied.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; CRANE, Ch. J., taking no part.

Judgment reversed, etc.