WEDAB CORPORATION, Appellant, v. GEORGE WEINGER, Respondent, et al., Defendants.— In an action to foreclose a mortgage on real property, plaintiff appeals from an order granting the motion of defendant Weinger for summary judgment pursuant to rule 113 of the Rules of Civil Practice, dismissing the complaint on the merits, and denying its cross motion for summary judgment. Order modified on the law, by striking therefrom the first and third ordering paragraphs and by substituting in place of the first ordering paragraph a provision that said defendant's motion is denied. As so modified, the order is affirmed, with $10 costs and disbursements to appellant to abide the event of a trial. If defendant Weinger is to prevail, it must be on proof that defendants' default, by reason of which plaintiff elected to declare the entire principal sum secured by the mortgage due and payable, was neither willful nor in bad faith, and that plaintiff's action, under the circumstances which existed was such as to establish a waiver, or such fraud, bad faith or oppressive and unconscionable conduct as to warrant a court of equity in refusing to extend the affirmative aid which plaintiff seeks in this action. (*Malcolm* v. *Allen*, 49 N. Y. 448; *Graf* v. *Hope Bldg. Corp.*, 254 N. Y. 1; *Ferlazzo* v. *Riley*, 278 N. Y. 289; *Domus Realty Corp.* v. *3440 Realty Co.*, 179 Misc. 749, affd. 266 App. Div. 725.) Issues are raised as to those questions which should not be settled on affidavits. Moreover, if defendant Weinger is to be relieved of his default, the relief should be afforded on such terms as may be just, on a full disclosure of the relevant facts. Nolan, P. J., Adel, Wenzel and Schmidt, JJ., concur; Murphy, J., dissents insofar as the motion of defendant Weinger for summary judgment is denied and votes to grant that motion, without prejudice to the commencement of a new action unless all arrears are promptly paid with interest, with the following memorandum: The sum of $352.66 was

due as an installment of principal and interest on August 9, 1953. On that day plaintiff received a check in the sum of $252.66, or just $100 less than the sum due. This check was knowingly retained by plaintiff until the five-day grace period had expired. On August 17, 1953, plaintiff's attorney demanded by letter the entire balance of $9,125 and advised that unless he received it, he had been instructed by his client to institute foreclosure proceedings. The correct amount immediately was tendered and was refused by plaintiff. This foreclosure suit thereupon was instituted. The plaintiff does not attempt to controvert the showing of respondent that the original check, insufficient by exactly $100, was inadvertently made. Its vice-president concedes that the facts are not in dispute. Even if plaintiff's representatives were to testify that they retained the check with the loftiest motive until the grace period had expired and refused immediate tender and insisted upon foreclosure, the facts bar the aid of equity. In my opinion the dismissal of the complaint does not do violence to the rule laid down by Judge RIPPEY in the case of *Ferlazzo* v. *Riley* (278 N. Y. 289, 292) and followed in other leading cases to the effect that: "Among those and other questions which arose on the motion upon conflicting allegations of fact requiring decision was whether the court had power to relieve the mortgagor of a technical default, if one such existed, being neither willful nor in bad faith (*Noyes* v. *Anderson,* 124 N. Y. 175). We are not required to express any opinion on any of those questions here. We need only say that a mortgagor is bound by the terms of his contract as made and cannot be relieved from his default, if one exists, in the absence of waiver by the mortgagee, or estoppel, or bad faith, fraud, oppressive or unconscionable conduct on the latter's part (*Malcolm* v. *Allen,* 49 N. Y. 448; *Graf* v. *Hope Building Corp.,* 254 N. Y. 1). * * * Issues are here raised a determination of which affects the substantial rights of both parties. Those issues, when the facts are in dispute, should not be settled on affidavits. If the mortgagor has available defenses they should be raised by answer where they may be decided after trial and full hearing of all the evidence by the trial court." I believe that in the instant case a trial would be a fruitless gesture. The essential facts are not in dispute. [See *post,* p. 945.]