■ IRVING S. SCHNEIKRAUT et al., Respondents, v. GERGES REALTY CORP. et al., Defendants, and NATHAN CHIMERINE, Appellant.— In an action to foreclose a mortgage, the defendant Chimerine appeals from (1) an order of the Supreme Court, Kings County, entered July 8, 1965, which granted plaintiff's motion for summary judgment and denied said defendants' cross motion to amend his answer; and (2) an order of said court, entered August 2, 1965 upon reargument, which adhered to the original determination. Appeal from order, entered July 8, 1965, dismissed, without costs; said order was superseded by the later order granting reargument. Order, dated August 2, 1965, modified by adding to the first ordering paragraph the words "subject to the holding of a hearing on ten days' written notice and the taking of testimony with respect to the issue of personal service of process upon the defendant Chimerine, and the entry of an order thereon determining that there was such personal service; in the event there was no such personal service, plaintiffs' motion for summary judgment is denied and the complaint dismissed as to the defendant Chimerine; pending the determination of such issue, the entry of judgment of foreclosure and sale is stayed." As so modified, the order is affirmed, without costs. In our opinion, the court below correctly decided that no triable issues of fact with respect to the merits of the action were raised by the defendant Chimerine's affidavit in opposition to plaintiffs' motion for summary judgment. We are also of the opinion that the court below properly denied, in the exercise of its discretion, the defendant Chimerine's motion for leave to serve an amended answer. However, the defendant Chimerine did not waive the objection of lack of jurisdiction over his person by raising such a defense in his answer, by contesting on the merits plaintiffs' motion for summary judgment, and by serving his motion for leave to serve an amended answer (CPLR 320, subd. [b]; *Kukoda* v. *Schneider*, 41 Misc 2d 308). For this reason, we have modified the order by in effect remitting the action to the Special Term for the purposes indicated. Brennan, Acting P. J., Hill, Rabin and Hopkins, JJ.,

concur; Benjamin, J., dissents and votes to reverse the order entered upon reargument and to deny the motion for summary judgment upon the ground that the equitable defenses here warrant a plenary trial (*Wedab Corp.* v. *Weinger,* 283 App. Div. 877).