■ HELEN K. NEUBAUER, as Executrix of HERMAN S. NEUBAUER, Deceased, Appellant, v. EARLE J. SMITH et al., Respondents.— Order, Supreme Court, New York County, entered June 13, 1972, reversed, on the law, and plaintiff-appellant's motion to strike an affirmative defense and for summary judgment granted, with $60 costs and disbursements to appellant. Suit is upon a consolidated mortgage calling for acceleration of payment of principal 30 days after uncured default in payment of taxes or water rates. The foreclosure action was commenced on January 26, 1972, after failure to pay water rates due January 1, 1971, as well as real estate taxes for all four quarters of 1971. The affirmative defense alleges a rent strike by a committee of tenants which had collected the rents of the property for the purpose of making all payments in respect thereof, and that the committee had not made the payments called for by the mortgage, thus placing the owner in default. Further, that the committee had turned certain moneys so collected over to the Receiver in foreclosure to make the necessary payments. The stated defense is insufficient and should not operate to defeat plaintiff's motion. The mortgage is unconditional in its requirement that the payments be made, and, whatever the relationship between the owner and the tenants' committee, the mortgagee was not a party thereto. The circumstances described by the owner are no different from any other claim of straitened finances, and plaintiff made no contribution thereto, was not in any wise responsible for their existence, and, indeed, as the lapse of time demonstrates, was not unreasonably insistent on prompt payment of the defaulted sums. Even should the circumstances described as affirmative defense avail defendant owner, plaintiff avers, and it is not denied, that the moneys turned over to the receiver will not satisfy the tax and water delinquencies because, while some amount has been paid on account of taxes, a larger portion is withheld to accomplish urgently needed repairs. On these undisputed facts, there is no showing of excusable default by inadvertence or

otherwise. Therefore, there is no question of relevant fact to be tried out, and summary judgment should have been granted. Concur — Markewich, J. P., Steuer, Tilzer and Capozzoli, JJ.; Nunez, J., dissents in the following memorandum: I would affirm. It is conceded that the only reason the taxes on the mortgaged property were not timely paid is the failure of the tenants to pay their rent to the mortgagor-owner. Instead, the tenants created a Tenants' Committee for the purposes of collecting rent and paying all necessary expenses to maintain the premises. It further appears that there is presently a court appointed Receiver in funds sufficient to pay all taxes and water charges. There has been no default in the payment of interest and principal. If the defendant can establish on trial that his failure to pay taxes· was unintentional and nonwillful, but due only to the tenants' unlawful withholding of rent, his delay in paying the taxes should be excused by the court. As a court of equity we should intervene to prevent the mortgagee from taking an unconscionable advantage of the letter of the mortgage. Under analogous circumstances our courts have not hesitated to deny the affirmative aid which plaintiff seeks in this action. (*Wedab Corp.* v. *Weinger,* 283 App. Div. 877; *Malcolm* v. *Allen,* 49 N. Y. 448; *Graf* v. *Hope Bldg. Corp.,* 254 N. Y. 1; *Ferlazzo* v. *Riley,* 278 N. Y. 289; *Domus Realty Corp.* v. *3440 Realty Co.,* 179 Misc. 749, affd. 266 App. Div. 725; cf. *Nove Holding Corp.* v. *Schechter,* 218 App. Div. 479.) Default in payment of taxes, unlike default in payment of interest and principal, may be excused if the default has not been willful and if relief can be granted without damage to the lender. (*Noyes* v. *Anderson,* 124 N. Y. 175; followed in *Ver Planck* v. *Godfrey,* 42 App. Div. 16; *Germania Life Ins. Co.* v. *Potter,* 124 App. Div. 814 and cf. *Trowbridge* v. *Malex Realty Corp.,* 198 App. Div. 656.) By permitting foreclosure instead of standing aside, the court is making itself an instrument of injustice. (*Thomas* v. *Brownville, etc. R. R. Co.,* 109 U. S. 522, 526.) In this case the hardship is so flagrant and plaintiff's oppression so apparent, as to justify the allowance of the defense interposed, and if established at trial, deny foreclosure.