■ City of New York, Respondent, v K'Hal A. Kashau, Appellant, et al., Defendants.—In an action to foreclose a mortgage, the defendant K'Hal Adas Kashau appeals from an order of the Supreme Court, Westchester County (Stolarik, J.), dated March 27, 1986, which, after a nonjury trial, granted the plaintiff leave to enter a judgment of foreclosure and dismissed the counterclaims of the appellant.

Ordered that the order is affirmed, with costs.

The appellant concedes that it has not made any of the required payments under the mortgage note. By the terms of the mortgage agreement, this default gave the plaintiff the right to accelerate the indebtedness *(see, East N. Y. Sav. Bank v Carlinde Realty Corp.,* 54 AD2d 574, *affd* 42 NY2d 905). While a mortgagor may be relieved from its default where it makes a showing of waiver, estoppel, bad faith, fraud, oppressive or unconscionable conduct on the mortgagee's part *(see, e.g., Ferlazzo v Riley,* 278 NY 289), we agree with the findings of the trial court that the appellant has failed to establish any of these defenses.

We further conclude that the appellant's counterclaims for damages by which it sought, in part, an abatement of the purchase price, were also properly dismissed. The proof offered by the appellant at the trial, which sought to establish the amount of money that it had expended on repairs to the property occasioned by the city's neglect in the period between the auction sale and its taking possession, was wholly insufficient to support its claim. In this regard, we note that many of the checks produced by the appellant were for payment of expenses not attributable to repair. Moreover, the trial testimony indicated that much of the appellant's work on the property was done to renovate existing structures into living quarters and was not in the way of repairs which allegedly had to be made due to vandalism of the property. In any event, the counterclaims were properly dismissed based upon the appellant's failure to file a timely notice of claim *(see,* General Municipal Law § 50-e; *see also, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539). There is no basis upon this record for holding that the city should be estopped from asserting the failure to comply with the notice of claim requirement. Mollen, P. J., Thompson, Bracken and Brown, JJ., concur.