■ EAST NEW YORK SAVINGS BANK, Respondent, v 924 COLUMBUS ASSOCIATES, L.P., Appellant, et al., Defendants. [628 NYS2d 642] —Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered October 26, 1994, which, *inter alia*, granted plaintiff's motion for summary judgment, unanimously affirmed, with costs.

In this mortgage foreclosure action, the unrefuted documentary evidence conclusively establishes the mortgage as well as the default, plaintiff's right to seek foreclosure on that basis and the lack of conditions impeding that right (*First Natl. Bank v J. & J. Milano*, 160 AD2d 670, *lv denied* 76 NY2d 702; *Snyder v Potter*, 134 AD2d 664). Thus, plaintiff has established, prima facie, its right to summary judgment (*Greater N. Y. Sav. Bank v 2120 Realty*, 202 AD2d 248). The court properly rejected as irrelevant defendant's explanation that an unrelated drug enforcement action by the City, which was not a party to the mortgage agreement, resulting in one of the commercial units being padlocked, decreased defendant's revenue and led to the default; this is not a defense to the foreclosure action (*see, New York State Mtge. Loan Enforcement & Admin. Corp. v Arbor Hill Houses*, 180 AD2d 926, *lv dismissed* 80 NY2d 925, *lv denied* 83 NY2d 752; *Neubauer v Smith*, 40 AD2d 790). Finally, the court properly gave effect to the right reserved to plaintiff in the mortgage agreement to the appointment of a receiver, without notice (Real Property Law § 254 [10]). We have considered defendant's remaining contentions and find them to be meritless. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.