# SUPREME COURT.

OWEN O'CONNOR, plaintiff, agt. CAROLINE H. SHIPMAN *et al.*,
defendants.

*Effect of a mortgage authorizing whole sum to become due in case of non-payment of taxes.*

In an action to foreclose a mortgage, which by its terms provides that in case the taxes upon the mortgaged premises should remain unpaid on the first of February in any year that the whole principal sum secured to be paid by the mortgage should become due, the court has no more power to relieve a party against such a default than it would have if the terms of the mortgage made the principal money due and payable on default of payment of the interest according to the condition of the mortgage.

*Special Term, February,* 1873.

VAN BRUNT, *J.* — This is an action to foreclose a mortgage. The mortgage provided that in case the taxes upon the mortgaged premises should remain unpaid on the first of February in any year, that the whole principal sum secured to be paid by the mortgage should become due.

The taxes for the years 1870 and 1871 remaining unpaid, this action was commenced to foreclose the mortgage.

The defendant, by his answer, avers that he made an arrangement with the son of the plaintiff, by which it was agreed that the payment of the taxes would not be insisted upon if he, the defendant, made certain improvements upon certain other property upon which the plaintiff had mortgages, and that, relying upon this promise, he made the improvements, and did not pay the taxes.

The defendant Hamilton W. Shipman testified that he was the agent of his wife, the owner of the equity of redemption, and that in December, 1870, he had a conversation with the son of the plaintiff, and who had charge of his business, in which he asked him if he made certain improvements upon certain other buildings, if he might let the taxes on these buildings remain; and the son said yes, that will be all right; and that, relying upon that promise, he did not pay the taxes.

In April (19th, 1871), the son wrote to Shipman that the taxes were unpaid, and calling his attention to the clause of the mortgage; but still, Shipman did not pay the taxes then due, nor the taxes which fell due according to the terms of the mortgage, on February 1st, 1872.

It is claimed by the plaintiff that his son had no power to release any of the covenants of the mortgage, and had no power to do anything as an attorney except to collect the interest on the bonds as it might mature; and there was no evidence introduced before me to show that his agency extended any further. Even if it did, I think a correct construction of the agreement, as testified to by Shipman, would limit the waiver of the covenant in the mortgage to the taxes of 1870, because they seem to be the only taxes contemplated by the parties at the time of the conversation, and consequently would not excuse the default in the payment of the taxes of 1871.

It is claimed by the defendant that the plaintiff has been guilty of oppressive conduct in insisting upon his right to the whole of the money secured by the mortgage — the defendant having been misled by the conversation he had with the son — and, consequently, this court should relieve him. He certainly was not misled as to the taxes of 1871, because, as early as April, 1871, he was informed that the payment of the taxes would be insisted upon, and this suit was not commenced until nearly a year after — a sufficient time certainly to have enabled the defendant to have protected himself.

O'Connor agt. Shipman.

It is admitted by the defendants that courts will not relieve the mortgagor from the operation of a condition in a mortgage that upon failure to pay any part of the principal or interest the entire principal shall become due. But it is said all the adjudicated cases relate exclusively to conditions of interest and principal.

I am unable to discover any difference between a condition relating to principal and interest and one relating to taxes. If it is expressly stated that the whole principal sum shall become due because of the non-payment of taxes, and taxes are unpaid, and the mortgagee commences his foreclosure on that account, I do not see how the court can relieve the defendant any more than they could for the non-payment of interest. It seems to me, therefore, that the plaintiff must have judgment of foreclosure and sale.