HEAL v. RICHMOND COUNTY SAVINGS BANK.

(Supreme Court. Appellate Division, Second Department. June 29, 1908.)

1. MORTGAGES—COVENANTS—CONSTRUCTION—STATUTES.

Real Property Law, Laws 1896, p. 596, c. 547, § 219, construing covenants in mortgages, is superseded by Laws 1898, p. 980, c. 338, adding to the real property law sections 235–237, construing covenants in mortgages.

2. SAME.

Laws 1898, p. 980, c. 338, providing that a covenant that the mortgagor will keep the buildings insured for the benefit of the mortgagee, requires the mortgagor to keep buildings insured in an amount approved by the mortgagee and have the insurance made payable to the mortgagee, etc.

A mortgagor, on making application for a loan on his property, informed the secretary of the mortgagee of the amount of the insurance thereon, and gave the name of the insurer. The mortgagor, pursuant to the direction of the secretary, took the policy to the mortgagee's attorney, who prepared a memorandum to be inserted thereon, stipulating that the 'loss should be payable to the mortgagee. The mortgagor took the policy and memorandum to the agent of insurer, and increased the amount of insurance for the term of the loan. *Held*, that the mortgagor complied with the statute, and the mortgagee could not procure new insurance at the expense of the mortgagor.

3. SAME.

Banking Law, Laws 1892, p. 1842, c. 689, provides that, when buildings are included in the property on which a loan shall be made by a banking corporation, they shall be insured by the mortgagor in such company as the directors shall direct, in default of which the bank may procure insurance at the expense of the mortgagor. A mortgagor obtained a loan from a bank and executed to it a mortgage on real estate. The buildings on the mortgaged property were insured by a solvent insurer, and the mortgagee was fully protected. The mortgagee had knowledge of the existence of the insurance, and did not direct the mortgagor's attention to the requirements of the resolution of the mortgagee's board, requiring insurance in a designated company. The policy was delivered to the mortgagee, and the loan was made and mortgage taken. *Held*, that the mortgagee approved the insurance and waived the right under the statute, and could not procure additional insurance at the expense of the mortgagor.

4. CONTRACTS—CONSIDERATION.

A mortgagor who wrote a letter to the mortgagee and stated that, if the mortgagee would return the policies of insurance, the mortgagor would procure a new policy in favor of the mortgagee, etc., did not bind himself to procure new insurance, since there was no consideration to support his promise.

5. INTEREST—LIABILITY FOR—TENDER—EFFECT.

A mortgagor tendered to the mortgagee the amount of the debt and interest. The tender was refused, and the mortgagor by special deposit placed the money in a trust company, subject to the mortgagee's demand. Subsequently the mortgagor paid the money into court. *Held*, that the tender stopped interest from its date, and the mortgagor was not required to pay into court interest from the day of the tender.

Appeal from Special Term.

Action by Frederick S. Heal against the Richmond County Savings Bank. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

In making application for a loan upon his property, plaintiff informed defendant's secretary—to whom the application was made—of the amount of the insurance thereon and also gave the name of the agent, as well as the company issuing the policies of insurance. He was directed by the secretary to take the policies to the attorney of defendant, who prepared a memorandum to be inserted thereon as follows: "Loss, if any, under this policy, payable to Richmond County Savings Bank, mortgagee, as interest may appear." The plaintiff thereupon took the memoranda and policies to the agent who issued them, had their amount of insurance increased from $1,750 to $2,250, and the memorandum inserted in the policies and the New York Standard Mortgage clause attached, after which he delivered them to the attorney for the defendant. On the same day the defendant loaned $2,000 to plaintiff, and took from him a bond and mortgage upon the property so insured for that amount payable, with interest, in two years. The policies of insurance were to run during the term of the loan. On July 15th following defendant wrote plaintiff upon the subject of the insurance to which plaintiff replied, saying, among other things: "If you will kindly return the policies in question to me, I will see that a new policy is made out in the bank's favor by an agent who

has a regular established office in this borough and forward same to you upon receipt of same." Three days later the plaintiff wrote defendant's secretary: .

"West New Brighton, N. Y. August 1, 1905.

"Mr. Geo. H. Treadwell, Secy. Richmond Co. Sav. Bank, West Brighton, N., Y.—Dear Sir: Referring to my letter of the 17th inst., in reply to your favor of July 15th, relative to filing with you new insurance policies covering my house and store. After giving this matter careful consideration, I believe that as the present policies were issued prior to the loan, by a good sound insurance company, and as the same remains in force during the life of the loan, the bank's interest is amply protected. Furthermore, the policies in question were turned over to your attorney prior to date of mortgage and memorandum made by him covering the bank's interest was inserted in the policies; also, the policies were increased from $1,750.00 to $2,250.00. In view of the above, I do not think it fair to bring this additional hardship on me as I have spent over $300.00 in making improvements and have additional improvements to make, which all cost money."

Subsequently the defendant procured the additional insurance upon the mortgaged property at an expense of $8.58. At the maturity of the loan plaintiff offered to pay the amount due on the mortgage, but declined to pay the said premium. He tendered defendant the sum of $2,011.65, and demanded a satisfaction of the mortgage and its surrender, with the bond, which defendant refused, and plaintiff thereupon caused the money to be deposited as a special account in plaintiff's name in the Empire Trust Company, where it remained until August 31st, the day on which the complaint in this action was verified, when under an order of the Special Term it was paid into court for the use and benefit of defendant to be paid to it upon the surrender of the bond and mortgage with a satisfaction piece.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

William D. Gaillard, for appellant.
Mortimer S. Brown, for respondent.

RICH, J. This action is to compel the defendant to deliver to plaintiff the bond and mortgage above mentioned and a certificate of satisfaction thereof.

The learned Special Term found that the plaintiff did not insure the property in a company approved by the defendant, and did not assign the policy to the defendant, and that because of his failure so to do the defendant had the right to insure the property and obligate the plaintiff for the payment of the premiums; that the tender was not sufficient because of its not including the amount of the premiums so paid and the plaintiff was not entitled to recover. This finding seems to have been based upon the provisions of Real Property Law, Laws 1896, p. 597, c. 547, § 219, subd. 3. The trouble with this is that the subdivision of the section referred to has not been in operation since the amendment by chapter 338, p. 980, Laws 1898, which added to the real property law three new sections—235, 236, and 237. Subdivision 2 of section 235 is is follows:

"Mortgagor to keep buildings insured. A covenant that the mortgagor will keep the buildings on the said premises insured against loss by fire, for the benefit of the mortgagee must be construed as meaning that the said mortgagor or obligor shall and will keep the buildings erected and to be erected upon the lands above conveyed, insured against loss and damage by fire, by insurance and in an amount approved by the said mortgagee or obligee and his assigns, and either assign the policy and certificates thereof or have such insurance made payable to the said mortgagee or obligee or his assigns and in

default thereof it shall be lawful for the said mortgagee or obligee and his assigns to effect such insurance and the premium and premiums paid for effecting the same shall be a lien on the said mortgaged premises added to the amount of the said bond or obligation and secured by these presents, and payable on demand, with legal interest."

While by this enactment the Legislature did not in express terms repeal section 219 of the original act, yet such was its legal effect. Subdivision 2 of the amendment fully covers the subject-matter of subdivision 2 of section 219 of the original statute (except that it omits the provision that the company shall be one approved by the mortgagee) and there can be no doubt that it was the intention of the Legislature to supersede the former by the latter enactment which thereafter furnished the only general statutory rule governing the subject-matter. Hankins v. Mayor, 64 N. Y. 18; People ex rel. Ross v. Brooklyn, 69 N. Y. 605; Heckmann v. Pinckney, 81 N. Y. 211; Anderson v. Anderson, 112 N. Y. 104, 19 N. E. 427, 2 L. R. A. 175. All of the requirements of the law in force at the time the loan was made were complied with so far as the requirements of the real property law are concerned. The learned counsel for defendant, however, suggests that it has the same rights by reason of the provisions of section 121 of the banking law (chapter 689, p. 1899, Laws 1892), which provides (as to savings banks) that:

"Whenever buildings are included in the valuation of any real property upon which a loan shall be made by any such corporation, they shall be insured by the mortgagor in such company or companies as the directors shall direct and the policy of insurance duly assigned or loss made payable as its interest may appear [in default of which the bank may procure insurance satisfactory to it at the expense of the mortgagor.]"

The only requirement of this statute not met by the plaintiff specifically was the one relating to the direction by defendant's directors of the company in which he should insure the buildings on the mortgaged property. It is contended such a direction is contained in a resolution adopted by defendant's board of directors requiring such insurance to be issued by an agent having an office in the borough of Richmond; there being no claim that the company with which the insurance was placed did not meet the requirements of a "regular, old, and well-established" company. While the right existed outside of the statute to make any reasonable requirements it saw fit as a condition of making the loan, and under the provisions of the statute quoted it had the right to require plaintiff to cancel his existing policies and procure insurance on the buildings in such company as was directed by its board of directors before making the loan, this right could be waived. Defendant had knowledge of the fact that plaintiff had policies of insurance in the American Central Insurance Company on which he had paid the premiums and raised no question as to the acceptance of such insurance, nor did they direct the plaintiff's attention to the requirements of the resolution of their board of directors. The secretary of the bank directed plaintiff to take the existing policies to the attorney of the bank who prepared the mortgage clause to be inserted in them, which was done in accordance with the expressed wishes of defendant's attorney who was acting for it. The policies

were delivered. The loan was made and mortgage taken. In making the loan the defendant must be held to have approved the company and to have waived the right secured under either the banking or real property law, and it could not thereafter procure additional insurance at plaintiff's expense in the absence of any cause or reason for such requirement other than the desire of its board of directors to have policies issued by an agent resident in the borough of Richmond. No pretense is made that the company issuing the policies was not solvent and able to pay the insurance, or that the defendant was not fully and abundantly protected, at all times during the existence of the mortgage debt by the policies it had accepted. No contract was created by the letter of the plaintiff stating that upon the return of the existing policies he would cause a .policy satisfactory to the company to be issued by an agent residing in the borough of Richmond as there was no consideration to support such promise.

The delivery of the money tendered by the plaintiff to his attorney and its special deposit by the latter in a trust company where it was kept intact and at all times subject to defendant's demand, until paid into court, kept the tender good, and entitled the plaintiff to such affirmative relief as he was entitled to. The tender having been made and kept good, its legal effect was to stop interest from its date, and the plaintiff was not required to pay into court in addition to the money tendered, interest thereon from the day of the tender. The findings of fact upon which the judgment rests are without satisfactory evidence to sustain them. The exceptions thereto, as well as to the conclusions of law found thereon, must be sustained, the judgment reversed, and a new trial granted; costs to abide the event. All concur.