BIEBER v. GOLDBERG et al.

(Supreme Court, Appellate Division, Second Department.   June 4, 1909.)

1. MORTGAGES (§ 401*)—TENDER OF INSTALLMENT AND INTEREST—SUFFICIENCY.
     A tender of an installment and interest, due on a mortgage stipulating that, if default is made in the payment of any installment or interest for 20 days, the whole of the principal may, at the option of the holder of the mortgage, become due, made within the days of grace specified, and sufficient in amount, and before the commencement of any action to foreclose, deprives the holder of the right to elect to demand payment of the entire principal.

     [Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 401.*]

2. MORTGAGES (§ 201*)—INSURANCE ON MORTGAGED PROPERTY—RIGHT OF MORTGAGEE.
     Real Property Law (Laws 1896, p. 597, c. 547) § 219, subd. 3, authorizing the mortgagee to make insurance from "year to year" on the mortgaged property on the failure of the mortgagor to do so, and providing that the premium paid shall be secured by the mortgage and collectible in like manner as the principal, etc., gives to the holder of a mortgage the right to procure insurance from year to year, but does not give the right to effect insurance for a longer term; and an assignee of a mortgage cannot effect insurance on the property for three years and charge the premium paid to the mortgagor, on it appearing that the property was insured at the time he acquired the mortgage, and on the mortgagor subsequently procuring insurance.

     [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 535; Dec. Dig. § 201.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3.** MORTGAGES (§ 386*)—FORECLOSURE—NATURE OF ACTION.

An action to foreclose a mortgage is equitable, and an election of the holder of the mortgage to demand payment of the principal sum will not be enforced, if unconscionable in character.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1151; Dec. Dig. § 386.*]

**4.** MORTGAGES (§ 201*)—INSURANCE ON MORTGAGED PROPERTY—RIGHT OF HOLDER OF MORTGAGE—STATUTES.

Real Property Law (Laws 1896, p. 596, c. 547) § 219, authorizing a mortgagee to effect insurance on the mortgaged property on the mortgagor failing to do so, etc., is not superseded by Laws 1898, p. 980, c. 338, amending the real property law by adding thereto several sections, which are expressly limited in effect to mortgages on leases on real property as distinguished from mortgages on the freehold.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 201.*]

Gaynor, J., dissenting.

Appeal from Kings County Court.

Action by Gerson Bieber against Lewis Goldberg and others. From a judgment for defendant Goldberg, plaintiff appeals. Affirmed.

See, also, 120 App. Div. 547, 104 N. Y. Supp. 1080.

Argued before HIRSCHBERG, P. J., GAYNOR, RICH, MILLER, and BURR, JJ.

Melville J. France (Max. H. Newman, on the brief), for appellant.
Lewis Goldberg, for respondent.

BURR, J. The plaintiff is the owner of a bond, dated January 23, 1904, conditioned for the payment of the sum of $2,000 as follows: On the 1st day of July, 1904, $200, and $200 semiannually thereafter until the 1st day of July, 1908, when the entire sum remaining unpaid shall be due. This bond was secured by a mortgage on real property on the northerly side of Boerum street, in the borough of Brooklyn. The defendant Lewis Goldberg was the owner of the said property, subject to the said mortgage. The bond contained a provision that, if default was made in the payment of the interest or of any installment of the principal for 20 days, at the option of the holder thereof, the whole of the principal sum secured thereby should become due; and the mortgage contained a similar provision. The mortgage also contained a provision that the mortgagors would keep the buildings on the said premises insured against loss by fire for the benefit of the mortgagee.

On July 1, 1906, there became due on account of the principal of said bond and mortgage the sum of $200 and for interest the sum of $36. On July 13th the defendant Goldberg tendered to the plaintiff's agent, who was authorized to receive the same, the sum of $236, which was refused. On January 1, 1907, an installment of principal amounting to $200 again became due, and this sum, together with the accrued interest on the unpaid balance of the principal, was tendered to the plaintiff and refused by him. If these respective tenders were sufficient in amount, inasmuch as they were made within the days of grace specified in the mortgage and before any action was commenced to foreclose the same, plaintiff had no right to elect to demand payment of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the entire principal sum.  Cresco Realty Co. v. Clark, 128 App. Div. 144, 112 N. Y. Supp. 550.

The plaintiff claimed that the tender was insufficient in amount, because he was entitled also to receive the sum of $24 paid by him as premium on a policy of insurance.  The plaintiff acquired the bond and mortgage by assignment on the 17th of March, 1906.  On the 19th of March, 1906, he procured a policy of insurance to be issued for the sum of $1,000, insuring one Samuel Schack as owner and the plaintiff as mortgagee against loss or damage by fire to the mortgaged premises for a period of three years.  The premium upon this policy was $24. In April, 1906, and after the property had been purchased by the defendant Lewis Goldberg, he procured a policy of insurance to be issued for a like amount, insuring him as owner and the plaintiff as mortgagee, which policy was tendered by him to the said plaintiff. The plaintiff claimed that he was not obliged to accept such policy, as he had already obtained one, and insisted that the defendant Goldberg should pay to him the premium which he had already paid for insurance, and when he refused to do so he declined to accept the payment of the installment of principal tendered to him with the accrued interest then due, and thereafter brought this action to foreclose the said mortgage, electing to demand payment of the entire principal sum.

The plaintiff must stand on the strict letter of his contract, if he is to maintain his position.  The real property law, among other things, provides that an insurance clause in the form which was contained in the mortgage as hereinbefore recited should be construed as meaning:

"That the mortgagor, his heirs, successors and assigns, will * * * keep the buildings erected on the premises insured against loss or damage by fire, * * * and will assign and deliver the policy or policies of such insurance to the mortgagee, * * * and in default of so doing that the mortgagee * * * may make such insurance from year to year, * * * and pay the premium or premiums therefor, and that the mortgagor will pay to the mortgagee * * * such premium or premiums so paid, with interest from the time of payment, on demand, and that the same shall be deemed to be secured by the mortgage, and shall be collectible thereupon and thereby in like manner as the principal moneys, and in default of such payment by the mortgagor, * * * or of assignment and delivery of policies as aforesaid the whole of the principal sum and interest secured by the mortgage shall, at the option of the mortgagee, * * * immediately become due and payable."  Laws 1896, p. 597, c. 547, § 219, subd. 3.

It appears that at the time the bond and mortgage were assigned to the plaintiff a policy of insurance was also transferred to him, which he accepted.  It does not appear when this insurance expired, nor does it appear that on the 19th of March, 1906, when he obtained a policy of insurance, the mortgagor or the then owner of the property was in default.  But, if he were, the only right which the plaintiff had was to make such insurance "from year to year."  He had no right to effect insurance for a longer term, and demand that the mortgagor should pay the premium which he had paid for this long-term policy, and in default thereof be liable to be called upon to pay the entire principal sum of the mortgage.  Not only is the act of the plaintiff in this case outside the strict letter of the contract, but so far as the evidence discloses his conduct and demand were unreasonable.  An action of fore-

closure is equitable in its nature, and an election to demand payment of the principal sum will not be enforced, if unconscionable in character. Germania Life Insurance Co. v. Potter, 124 App. Div. 814, 109 N. Y. Supp. 435; Ver Planck v. Godfrey, 42 App. Div. 16, 58 N. Y. Supp. 784.

It was claimed by the respondent in his brief that subdivision 3 of section 219 of the real property law above referred to (Laws 1896, p. 597, c. 547) had been superseded by section 235 of the same act (Laws 1898, p. 980, c. 338), passed two years thereafter, and in support of that contention he cites the case of Heal v. Richmond County Savings Bank, 127 App. Div. 428, 111 N. Y. Supp. 602. Chapter 338, p. 980, Laws 1898, amended the real property law by adding thereto several sections, of which section 235 was one. These sections, however, are expressly limited in effect to mortgages on leases on real property and bonds secured thereby as distinguished from mortgages on the freehold. We think, therefore, that the two sections of the law (section 219 and section 235) may be read together, and, while section 235, subd. 3, relating to mortgages on leases, contains no express provision that, for a failure to pay a premium of insurance or assign to the mortgagee a satisfactory policy, he shall have the right to elect to demand payment of the entire principal sum, section 219 does confer upon him such right, if he brings himself within its provisions. The expression in the opinion of the court in Heal v. Richmond County Savings Bank, supra, was not necessary to the determination of the action since it was held, and properly held, that the right of the mortgagee to procure additional insurance in that case had been waived.

The judgment appealed from should be affirmed, with costs.

HIRSCHBERG, P. J., and RICH and MILLER, JJ., concur.

GAYNOR, J. (dissenting). The mortgage on the property was assigned to the plaintiff on March 17, 1906. It contained the usual clause for insurance for the benefit of the mortgagee. There was no insurance on the property, and on March 19 the plaintiff took out a policy for $1,000 for three years, premium $24, in the name of Schack, who, on inquiry, he was informed was owner, loss payable to the plaintiff as mortgagee. Schack had conveyed the property in the previous July, which the plaintiff did not know. But that is immaterial, for the mortgagee had an insurable interest, and had the right to protect it as best he could and promptly. On April 6 the defendant Goldberg became the owner of the property. He thereupon went to the plaintiff's agent to get the plaintiff's name in order to take out a policy payable to him as mortgagee. The said agent informed him that the plaintiff had himself taken out a policy and did not want another. Neverthless, but after waiting until May, the defendant took out a policy identical with the one the plaintiff had taken out, namely, for $1,000 for three years, premium $24, loss payable to the plaintiff as mortgagee.

On July 1 an installment of principal, and also the half yearly interest, came due on the mortgage. The defendant Goldberg tendered the same, but it was refused by the plaintiff on the ground that the insurance premium paid by him had also to be paid. The said defendant

persisting in his refusal to pay it, the plaintiff elected that the whole amount of the mortgage should become due and payable, and began this suit to foreclose.

The express ground on which the defendant refused to pay the said premium, as he testifies, was that the plaintiff had taken out the policy for three years instead of for only one year, claiming that section 219 of the real property law (chapter 547, p. 596, Laws 1896) only permits a mortgagee to insure "from year to year," in default of the owner doing so for his benefit; and such are the words of that section. The prior owner who neglected to insure, and thereby gave the plaintiff the right to insure, never made such objection. The defendant also neglected to insure for 24 days after he became owner, namely, from April 6 to May 1. When he did insure, he took out a policy identical with that which the plaintiff had taken out, viz., for $1,000 for three years, premium $24; and he did so with knowledge of the plaintiff's policy. And yet he asserts that the ground for not accepting the plaintiff's policy was that it was for three years instead of for one, and that he so notified the plaintiff. No court can base a judgment on such a contradiction as that. He elected that the plaintiff should have a policy for three years, and by so electing acquiesced in the action of the plaintiff in taking out such a policy. The plaintiff had the right to take out a policy, and the only question is as to his taking it out for three years instead of one. If the defendant could insist on the policy being for one year, he could not elect that the plaintiff should have a three year policy, and nevertheless repudiate the three year policy the plaintiff had taken out, and substitute an identical one for it. When he decided that the mortgagee should have a three year policy, and found that the mortgagee had taken out such a policy, he should have paid the premium. Instead, he also insured the mortgagee's interest for three years.

The objection that Schack was in the policy as owner was not good. The defendant could and should have had the policy changed by showing him to be the owner. The plaintiff did so shortly afterwards.

The finding that there was a policy transferred to the plaintiff by his assignor, and that he therefore did not need to take one out, is without evidence to support it. There is a loose statement in the plaintiff's own evidence tending that way, owing to his imperfect use of English, but the evidence as a whole shows that such was not the fact. What is conclusive is that the defendant made no such claim, but on the contrary took out a policy himself.

The judgment should be reversed.