JOSEPH F. LOUGHERY, Plaintiff, *v.* VITO CATALANO and Others, Defendants.

(Supreme Court, Bronx Special Term, December, 1921.)

Mortgage — foreclosure — equity — election to demand principal not enforced, if unconscionable — certain minor repairs held not to violate covenant that alterations without consent of mortgagee permitted whole amount to become due — city of New York — Tenement House Law, §§ 121, 122, not applicable.

Equity will not permit a party to avail himself of a legal right for the purposes of injustice or oppression.

While an action to foreclose a mortgage is equitable in its nature an election to demand payment of the principal sum, if unconscionable, will not be enforced.

A purchase money mortgage contained a covenant that should any alterations in the building on the premises be made without the consent of the mortgagee, then at his option the whole amount of the principal sum should immediately become due and payable. Without the consent of the mortgagee the mortgagors, in order to dry up and prevent the flooding of the cellar, cut a door in the foundation wall and also erected wooden partitions in the basement, removed two foundation piers which were unsafe, and substituted others therefor, and cut a window in the rear of the apartment on the first floor in order to afford safe access to the yard by means of an open porch. In an action to foreclose the mortgage for an alleged violation of said covenant, it appeared to the satisfaction of the court that the defendants, in making such alterations, had no idea that they were violating the provisions of the mortgage. It further appeared that all the work, which plaintiff knew was going on and made no objection thereto until he served notice of his election to call in the mortgage, was necessary and proper in order to preserve the building and the proper and convenient use thereof. Plaintiff made no claim that he had been injured by the alterations or that his security had been impaired in the slightest degree, and the evidence showed that the alterations had enhanced the value of the property. *Held*, that in the circumstances the election of plain-

tiff to demand payment of the mortgage debt was manifestly unconscionable and that defendants were entitled to judgment dismissing the complaint upon the merits, with costs but no extra allowance.

It appearing that the mortgage had still over five years to run, with interest at four and one-half per cent, and that if the relief sought was granted plaintiff would be enabled to collect the mortgage debt far in advance of maturity and loan the money out at a higher rate of interest, his contention that it was not important whether the security of his mortgage was impaired or not, was untenable.

A further contention by plaintiff that even if the mortgage did not contain the covenant in suit he had, under sections 121 and 122 of the Tenement House Law, a right to call in the mortgage upon his discovery that the alterations were being made without an application for a permit having been filed, was also untenable, as the case did not fall within the provisions of the statute relied upon, but even so, the effect of the failure to file plans and specifications before making the alterations was avoided by the subsequent approval thereof by the proper authorities, and the issuance of the appropriate permits.

ACTION to foreclose a mortgage.

Jacob Hillquit, for plaintiff.

Francis M. Testa, for defendants.

GIEGERICH, J.  The action is to foreclose a purchase money mortgage upon the premises known as and by the street number 904 East Two Hundred and Thirteenth street, in the borough and county of The Bronx, city and state of New York, made on or about the 15th day of March, 1920, by the defendant Frank Passalacqua to the plaintiff to secure the payment of $5,000 as follows: $500 on September 1, 1920, and the balance of $4,500 on March 15, 1927, with interest thereon at the rate of four and one-half per centum per annum.  There remains unpaid upon the mortgage the sum of $4,500.  The mortgage, among other things,

contains the following provision: " No alterations shall be made to the present building on the premises covered by this mortgage without the consent of the holder of this mortgage, and should any alterations be made without first obtaining such consent, then at the option of the mortgagee the whole amount of the principal sum shall immediately become due and payable." The plaintiff claims that between, on or about the 1st day of August, 1920, and the 26th day of May, 1921, the defendants, including the then owner of the fee of the said premises, violated the foregoing covenant in that, without his consent, a door and window were cut in the westerly foundation wall; wooden partitions were erected in the basement; two foundation piers were removed and others substituted; a kitchen window on the first floor was made into a door, and a stairway in the rear was removed and an uncovered wooden porch was erected across the rear of the said building. The plaintiff further claims that upon discovering that alterations to the building were being made without his consent he availed himself of the option so contained in the covenant and elected that the whole of the principal sum of the bond and mortgage, with interest thereon, should immediately be due and payable, and that notice of such election was given to the defendants on or about May 26, 1921. An action to foreclose a mortgage is equitable in its nature, and an election to demand payment of the principal sum will not be enforced if unconscionable in character. *Bieber* v. *Goldberg,* 133 App. Div. 207, and cases cited. I am at a loss to understand upon what equitable principle a judgment of foreclosure and sale can be decreed in this case. The work complained of did not change the character of the building or the use to which it was put when the mortgage in suit and the bond secured thereby were executed and delivered.

The cutting of a door in the foundation wall and the enlarging of a window was done in order to dry up the cellar in the building and to prevent the flooding of the same; the brick foundation piers were rebuilt because of the unsafe condition of the same, and a window in the rear of the apartment on the first floor was cut down in order to provide safe access to the yard by means of an open porch. All this work was therefore necessary and proper in order to preserve the building and the proper and convenient use thereof. Moreover, the evidence satisfies me that such work was not substantial in character; the foundation walls of the building have not been weakened and the value of the plaintiff's security has not been impaired. The defendants claim that the plaintiff consented to the alterations, at least to those made in the cellar, and that even if he did not expressly consent to the alterations he impliedly did so, because, as they claim, the plaintiff knew that the work was going on and that he made no objection to it until he served the notice that he elected to call in the mortgage. The plaintiff, on the other hand, testified that he never consented to the making of any alterations and that he, in fact, had never been asked to consent. While I am inclined to give credence to such testimony of the plaintiff, I am satisfied that the defendants in making such alterations had no idea that they were violating the said provisions of the mortgage. The plaintiff does not claim that he has been injured by the alterations, or that his security has been impaired in the slightest degree. On the contrary it would appear from the evidence that they have enhanced the value of the property. He, nevertheless, maintains that it is not important whether the security was impaired or not; that the mortgagor agreed in the covenant in question that he would not make any alterations without the

consent of the mortgagee, and that if he did, he agreed that the holder of the mortgage would have the right to demand his money and foreclose in the event that it was not paid. The plaintiff in urging such point has evidently overlooked or ignored the very important fact that the mortgage has still over five years to run and bears interest at the unusually low rate of four and one-half per centum per annum, and that if the relief sought by him is granted he will be enabled to collect the mortgage debt far in advance of the maturity thereof, and to loan out the money at a higher rate of interest. The election of the plaintiff to demand payment of the mortgage debt made under the foregoing circumstances is manifestly unconscionable. It is a familiar principle of equity-jurisprudence that a party having a legal right shall not be permitted to avail himself of it for the purposes of injustice or oppression. *Noyes* v. *Anderson,* 124 N. Y. 175; *Ver Planck* v. *Godfrey,* 42 App. Div. 16; *Gilbert* v. *Shaw,* 63 Hun, 148, 154; *Palmer & Singer Mfg. Co.* v. *Barney Estate Co.,* 149 App. Div. 136. A judgment of foreclosure and sale should therefore not be decreed. The plaintiff claims, however, that under the provisions of sections 121 and 122 of the Tenement House Law he would, even if the mortgage did not contain the covenant in suit, have a right to call in the mortgage upon the discovery by him that the mortgagor was making alterations to the premises without filing an application for a permit. I do not think the present case falls within the provisions of the statute relied upon, but if it does I think the effect of the failure to file plans and specifications before making the alterations is avoided by the subsequent approval thereof by the Tenement House Department and the Building Department, and the issuance of the appropriate permits. My conclusion is that the defendants

are entitled to judgment dismissing the complaint upon the merits, with costs, but with no extra allowance. The requests for findings of the respective parties have been passed upon as indicated on the margins thereof. Submit for my signature, on notice, a decision embodying, without change of language, all findings made by me. All papers received by me, including briefs, requests for findings and filed papers, have been returned to the clerk, to whom all further papers should be handed in, with proof of service.

Judgment for defendants.