JOSEPH BARD and Another, Plaintiffs, v. RABINFRIED REALTY CO.,
     INC., and Others, Defendants.

Supreme Court, Kings County, September 11, 1924.

Mortgages — foreclosure — actions to foreclose installment mortgages
   executed by defendant's grantor — contract of sale misled defendant
   as to date of payments — defendant tendered amount to cover install-
   ments with interest and costs of action but plaintiff refused to accept
   payments — plaintiff not entitled to enforce default where willful
   neglect on defendant's part was not shown.

Generally, a mortgagor or owner of property will not be relieved from default
   in meeting the obligations of a bond and mortgage thereon, but in the absence
   of evidence of willful neglect equity will excuse the default.

Accordingly, defendant, owner of premises upon which the plaintiff held two
   installment mortgages, is entitled to judgment in actions to foreclose said
   mortgages, where it appears that said mortgages having been executed by
   defendant's grantor, she did not know their terms and was misled by a recital
   in her contract for the purchase of the property to the effect that the install-
   ments of the mortgages were payable semi-annually, whereas they were
   according to the mortgages payable quarterly, and that upon learning of her
   default, which was excusable under the circumstances, defendant tendered
   payment of the amount of the installments with interest, plus the cost of the
   actions herein which were begun by plaintiff without making any demand for
   either the installments or the interest.

ACTIONS for foreclosure of installment mortgages.

*Samuel Weiss*, for the plaintiffs.

*Edward M. Perry* [*Lynn C. Norris* of counsel], for the defendant
Celia Ritterman.

CROPSEY, J. Two foreclosure actions were tried together. They
involve the same question. There is no controverted question of
fact. The defendant Ritterman became the owner of the properties
covered by the two mortgages in July, 1923. The mortgages in
question had been placed on the property in June, 1923. They had
not been executed by Ritterman, but by her grantor. The mortgages
were installment mortgages, and in fact called for the payment of
an installment on September 6, 1923, and quarterly thereafter.
Defendant Ritterman, however, did not know that the installments
were payable quarterly, or that the first installment became due
in September. Her contract for the purchase of the property
states that the installments on the mortgages were payable semi-
annually, and as the mortgages were only made in June, 1923,
it was to be assumed that the first installment would be payable
the following December. The deed to her states that the install-
ments were payable quarterly, but she never saw it and was not
told of that fact. For that reason the installment and interest
that became due in September were not paid. After the days of
grace had passed, plaintiffs, without making any demand for either

the installment or the interest, commenced these actions. The defendant thereupon at once tendered plaintiffs the amount of the installments, with interest, and interest on those sums from the day they were due, and also the costs of the actions. Plaintiffs refused to accept the payments. Thereupon defendant deposited the moneys and notified the plaintiffs that they were subject to their order. Plaintiffs, however, insisted upon proceeding with the actions.

Defendant contends that as her defaults were not intentional or willful, and that as plaintiffs would be in no way damaged by accepting the moneys tendered, equity should relieve her of her default. It is often stated to be the general rule that a mortgagor or owner of property will not be relieved from a default in carrying out the provisions of the bond and mortgage regarding the payment of interest, taxes, etc., even though the failure to make such payments gives the holder of the mortgage the right to declare the whole principal sum due. It is also stated in some of the cases that such a condition is not in the nature of a forfeiture or a penalty. (*Ferris* v. *Ferris*, 28 Barb. 29, 33; *Valentine* v. *Van Wagner*, 37 id. 60; *Noyes* v. *Anderson*, 124 N. Y. 175, 180.) There are, however, authorities to the effect that the exercise of such a condition is in the nature of a forfeiture, as it forfeits at least the credit of the mortgages. (*Shaw* v. *Wellman*, 59 Hun, 447, 448, 449; *Ver Planck* v. *Godfrey*, 42 App. Div. 16, 20; *Schieck* v. *Donohue*, 92 id. 330, 334.) But, whatever the holding may be on this matter of definition, the courts have shown a tendency to get away from the general rule, and in a number of cases have relieved mortgagees from their defaults on the basis of doing equity. So relief has been granted where the default was brought about by some act of the mortgagee (*Weinstein* v. *Sinel*, 133 App. Div. 441); also where the mortgagee was not responsible for the default, as where it was caused by accident and mistake (*Bostwick* v. *Stiles*, 35 Conn. 195; *Kopper* v. *Dyer*, 59 Vt. 477; *Wilcox* v. *Allen*, 36 Mich. 160, 169; *Zlotoecizski* v. *Smith*, 117 id. 202; *Martin* v. *Melville*, 11 N. J. Eq. 222); also where the default was in paying taxes (*Noyes* v. *Anderson*, 124 N. Y. 175), and such relief has been granted where the mortgage was made by the person in default (*Ver Planck* v. *Godfrey*, 42 App. Div. 16, 20; *Shaw* v. *Wellman*, 59 Hun, 447, 449), as well as where the mortgage was made by the predecessor of the one in default (*Germania Life Ins. Co.* v. *Potter*, 124 App. Div. 814); also where there was a failure to pay interest due on a prior mortgage. (*Trowbridge* v. *Malex Realty Corporation*, 198 App. Div. 656.)

Jones on Mortgages (vol. 2 [6th ed.], § 1179) states that relief from default will not be granted unless good excuse is shown for it, " such as mistake or accident or fraud." The cases also indicate that relief will be granted where the default was not occasioned

by the " willful neglect " of the party seeking it. (*Noyes* v. *Anderson*, 124 N. Y. 175, 179.) But, where the default was brought about by mere neglect of the mortgagor or owner, relief will not be granted. (*Noyes* v. *Clark*, 7 Paige, 179; *French* v. *Row*, 77 Hun, 380, 383; *Pizer* v. *Herzig*, 120 App. Div. 102.) These latter cases apparently go on the theory that, where the default is due to carelessness, it is in effect a willful neglect.

Where, however, there is no neglect, there would seem to be no reason for the application of the rule. On the contrary, in such a case equity should relieve. A foreclosure action is equitable in its nature (*Bieber* v. *Goldberg*, 133 App. Div. 207, 210), and a court of equity seeks to do justice, and will relieve from forfeitures or anything in the nature thereof. (*Livingston* v. *Tompkins*, 4 Johns. Ch. 415, 431; *People* v. *Clarke*, 10 Barb. 120, 152.) Honest mistake or ignorance of facts is good ground for equitable interference (*New York Life Ins. & Trust Co.* v. *Rector, etc., of St. George's Church*, 12 Abb. N. C. 50, 53.) Some cases distinguish between a default in the payment of taxes and one in the payment of an installment of interest, but in *O'Connor* v. *Shipman* (48 How. Pr. 126) it is said there is no difference. I think the difference in ruling should not be predicated upon the nature of the thing that was done or omitted, or of the payment that was not made. I think it would be a sounder rule to grant relief where the default was not willful, and where it would be inequitable to enforce it. If this were the rule, the determining fact would not be whether the default was in paying taxes or interest, nor whether the default, if in the latter, was in paying interest upon the mortgage in question or upon a prior mortgage. So, in *Trowbridge* v. *Malex Realty Corporation* (198 App. Div. 656) the failure was in paying interest on a prior mortgage, but the facts showed that the owner of the property did not know that that interest was due, and that his failure to know this, and hence to pay the amount, was not due to his negligence. The default, therefore, was not a willful one, and the court properly granted relief from it. In *Pizer* v. *Herzig* (120 App. Div. 102) the default was in paying interest on the mortgage in question; but the facts showed, as the opinion states (p. 108), " that the default was a result of his [defendant's] own negligence," and hence the court refused to interfere.

In *Broderick* v. *Smith* (26 Barb. 539) the default was in paying interest on the mortgage in question, which had been made by the defendant; but relief was granted because, concurrently with the making of the mortgage, which was a purchase-money one, plaintiff had agreed with the defendant to satisfy a judgment appearing against him, the amount of which exceeded the amount of the

interest, and the court held that, as the judgment had not been paid at the time the interest became due, although it was paid four days thereafter, and as the plaintiff gave no notice to the defendant that the judgment had been paid, and made no demand for his interest, defendant was justified in believing that the judgment had not been paid, and the default was not willful. In *Noyes* v. *Anderson* (124 N. Y. 175) failure to pay taxes was stated not to be due to willful neglect, and relief was granted. Relief was also granted in *Smith* v. *Lamb* (59 Misc. 568). There the mortgagor at the time the interest became due was in the hands of receivers, and because of that fact the court held it would be inequitable to enforce the default. In that case (p. 570) the court states: " In all the cases in this state in which relief has been denied in cases of this nature, the default has been attributable to some negligence on the part of the party bound to pay the interest."

Relief was also granted where the default was caused by the making of alterations in violation of a covenant, the building not having been lessened in value, and no damage having been caused to the holder of the mortgage. (*Loughery* v. *Catalano*, 117 Misc. 393.) Where a party, obliged by an agreement to pay taxes, believed that his agent had paid them, and there was reasonable ground for that belief, although they were in fact unpaid, the failure to pay them was held not to be willful, in the sense of depriving a party of relief from the default. (*Giles* v. *Austin*, 38 N. Y. Super. Ct. [6 J. & S.] 215, 237; affd., 62 N. Y. 486, 491, 493.)

In the cases now before the court the defendant's failure to pay the installment and interest was not due to willful neglect. She had not made the mortgages, and did not know their terms. Her contract of purchase misled her, although this was in no way attributable to the plaintiffs, because they had nothing to do with it. Nevertheless, the defendant's default was excusable, and under the facts revealed in the record it would be unconscionable for the plaintiffs to enforce the default.

The defendant is, therefore, entitled to judgment, with costs. The findings and judgment will be settled on notice. The judgment must provide for the payment to the plaintiffs of the sum tendered by defendant, or of whatever the proper sum is, which must include costs up to the time the tender was made. If plaintiffs accept the payment, then the complaint should be dismissed. If they refuse to accept the payment, the amount should be deposited to their credit, the *lis pendens* canceled, and the proceedings in the action stayed. If different relief than here suggested seems to be proper, the parties may submit memoranda thereon upon settlement of the findings.