In the Matter of the CITY OF NEW YORK, Relative to Acquiring Title to Real Property Required for West Park Slum Clearance Project, in the Borough of Manhattan.

Supreme Court, Special Term, New York County, September 14, 1955.

*Matthew J. Tackella* for motion.

*Peter Campbell Brown, Corporation Counsel (Harry E. O'Donnell, David Roemer* and *David A. Ettinger* of counsel), opposed.

EDER, J. The fee owner of the above damage parcel has applied for an order directing the comptroller to pay it interest on a partial payment computed from date of tender thereof.

Title in this proceeding vested in the city in August, 1952. The owner and the lessee interested in this damage parcel entered into a written agreement in December, 1952, authorizing the owner to collect the award and pay the lessee 50% thereof, the latter to divide the amount thus received with its sublessee as their interests might appear.

The final decree entered February, 1954, provided for payment of an award for this damage parcel to the owner in the sum of $377,704, subject, however, to the lease and to the sublease; the decree did fix the amount due to the sublessee at $18,154 of said award.

In March, 1954, the city served notice of appeal as to this damage parcel. Prior to April 15, 1954, the city tendered pending the appeal a partial payment on the award of $300,000 plus interest from date of vesting to date thereof, i.e., April 15, 1954. The owner communicated with the comptroller and requested the partial payment to be split into nine parts, nine warrants to be drawn, one for the sublessee to be paid directly and eight others for different amounts to suit the owner's purposes. This was done. On the appointed day the sublessee presented the necessary documents and received its warrant, but the owner was unable to secure from the lessee the cancellation of its lease and so could not obtain the prepared warrants.

The owner then proceeded to secure its share of the partial payment free of the lessee's lien by moving this court to determine that it was entitled to $159,764.38 of the partial payment, this being 50% of the tender plus interest to April 15, 1954, and that the lessee was entitled to the balance thereof after deducting the payment received by its sublessee, and permitting each to proceed separately with regard to its share of the award. The owner's petition stated that it desired an order to permit "acceptance by it of its interest in the partial payment tendered by the City", this being necessary because the lessee had refused to accept the tender as, in its view, an improper tender. The position of the lessee on that motion, but not the owner, was that the city could not lawfully make a partial tender to stop the running of interest as to such amount.

That motion was granted insofar as the owner's right to collect its share of the partial payment was concerned and the comptroller was directed to pay it the amount set forth in the petition. New warrants had to be drawn and the payment was finally made on September 17, 1954.

The owner's present motion first brought on in June, 1955, seeks interest on that payment from the time of the tender, April 15, 1954. The theory upon which the owner proceeds is that there is no authority for a tender of a partial payment on account of an award to stop the running of interest, and that its acceptance did not deprive it of the right to demand interest until full payment was made. (The appeal has in the meantime been discontinued on consent and is not herein involved.)

Condemnation is a proceeding *sui generis*. The taking of private property for public use is an exercise of the sovereign power of eminent domain. The people's rights are safeguarded by requiring the taking to be by " due process " and upon " just compensation ".

In order that the public project for which the condemnation proceeding has been commenced shall not be delayed, title vests in the city upon the entry of the order granting the application to condemn. (Administrative Code of City of New York, § B15–36.0.) The city is, however, required by law to pay interest on the amount awarded from the date of vesting, although that amount may not be fixed until many months later after trial before the court. (§ B15–28.0.) Since the total awards in such proceedings by the city necessarily constitute a very large sum and the accumulated interest mounts up likewise to a very substantial sum, it is provided that the city may, in order to save some interest, make an advance partial payment (§ B15–29.0). The tender would presumably be of such partial amount as would be deemed by the city authorities clearly due and payable in any event to owners.

The statute provides that the partial payment may be authorized by the board of estimate " in advance of the final determination " of the damages; that " interest on the sum so authorized to be paid in advance shall cease to run on and after a date five days after such person shall have been notified "; that the sum authorized by the board shall be determined by the corporation counsel " not exceeding seventy-five percent of the assessed valuation ".

The applicant herein contends that the matter of a partial payment after an award has been made is not within the authority granted by the section, and that, in addition, compliance with the provisions thereof was not observed by the city inasmuch as more than 75% of the assessed valuation was here tendered. He therefore claims that the " unlawful " payment cannot have the effect of stopping the running of interest.

The salutary purpose and intendment of the statute is clear. Advance payment by a governmental unit of such amount as is admittedly due to stop the running of interest works to the advantage of both payer and payee and is particularly applicable to a condemnation proceeding. The section should, therefore, receive a broad rather than a literal interpretation. The partial payment tendered pending the appeal was " in advance of the *final* determination " of the damages (emphasis supplied) and no ground of complaint can exist on the part of an owner if the board should authorize a partial payment to him in excess of 75% of the assessed valuation.

It is accordingly held that the tender here made pending the appeal was lawful and stopped the running of interest as to such amount.

Furthermore, this applicant is estopped from claiming the relief here sought. It accepted the tender which was kept good by the city until applicant obtained an order made necessary solely because of the refusal of its lessee to accept the partial payment offered. " The tender having been made and kept good, its legal effect was to stop interest from its date " (*Heal* v. *Richmond Co. Sav. Bank,* 127 App. Div. 428, 433, affd. 196 N. Y. 549). Whatever objections might possibly exist must be deemed waived by applicant's acceptance of the tender. In fact, its inability to collect its share on April 15, 1954, the appointed time, was due entirely to its failure to agree with its lessee as to the splitting of the award or, failing that, applying promptly to the court to separate the award. Its dilatoriness does not entitle it to be rewarded with additional interest at the expense of the city which kept its tender good at all times until applicant had met the essential condition imposed of clear title as to its share.

The motion is in all respects denied.